No. 2555.

HENRY BAUTSCH v. THE CITY OF GALVESTON.

1. APPEAL FROM MUNICIPAL COURTS—JURISDICTION.—Being convicted and fined in the recorder's court of Galveston City for a violation of a penal ordinance of the city, the defendant appealed to the criminal district court of Galveston county, by which court his appeal was dismissed on the ground that it had no jurisdiction of such municipal offenses, inasmuch as no right of appeal in such cases was conferred by the special charter of Galveston City, nor by the laws of the State; and because the offense was not against the laws of the State nor prosecuted in the name of "The State of Texas." *Held* that the appeal was erroneously dismissed. See the opinion in extenso for a collocation and construction of the various statutory provisions relevant to the question.

2. SAME—RIGHT OF APPEAL.—In all criminal cases tried before mayors and recorders of incorporated cities, the general policy and intent of the statutes of Texas secure to defendants a right of appeal commensurate with that from convictions in justices' courts. The fact that the special charter of a city wholly ignores such right of appeal from convictions for violation of the municipal ordinances can not frustrate the right of appeal from such convictions, notwithstanding the municipal offense consists in an act which is not penal under the general laws of the State.

3. PROSECUTIONS FOR MUNICIPAL OFFENSES—PRACTICE.—All prosecutions for State offenses must be carried on in the name of "The State of Texas," but an incorporated city may ordain that violations of its penal ordinances may be prosecuted in its municipal name. (Ex parte Boland, 11 Texas Ct. App., 159, approved on this subject.)

APPEAL from the Criminal District Court of Galveston county. Tried below before the Hon. Gustave Cook.

All material facts appear in the opinion. The penalty assessed was a fine of one hundred dollars.

*F. M. Spencer* and *W. B. Lockhart*, for the appellant: In support of our proposition that the criminal district court of Galveston county has jurisdiction to hear appeals from the recorder's court of the city of Galveston, in convictions for the violation of the city ordinances, we respectfully refer the court to the following authorities: Constitution of Texas, section 1, article 5; Drum v. The City of Fort Worth, 25 Texas Court of

Appeals, 664; Casey v. The City of Paris, unreported; Revised Statutes, article 1497; Penal Code, articles 26, 837, 856 and 857; Code of Criminal Procedure, article 839.

*W. L. Davidson,* Assistant Attorney General, *contra.*

*George P. Finley,* City Attorney of Galveston, also *contra:* The appeal to the criminal district court of Galveston was properly dismissed by that tribunal. (Rev. Stats., art. 361; Charter of City of Galveston, secs. 17 and 159; Penal Code, art. 26; Code Crim. Proc., arts. 52, 56, 78, 79, 837, 838, 839, 894 and 895.)

Article 837 of the Code of Criminal Procedure provides that "a defendant in any criminal action, upon conviction, has the right of appeal under the rules hereinafter prescribed."

Article 26, Penal Code, provides that "a 'criminal action' as used in this code means the whole and any part of the procedure which the law provides for bringing offenders to justice." Article 61, Code of Criminal Procedure, under the head of definitions, defines a criminal action as follows: "A criminal action is prosecuted in the name of the State of Texas against the person accused, and is conducted by some officer or person acting under the authority of the State, in accordance with its laws."

Counsel for the city respectfully submits that the case at bar is not a criminal action as herein defined; that it is not prosecuted in the name of the State of Texas against the accused, and is not conducted by some officer or person acting under the authority of the State in accordance with its laws, and therefore it is not a criminal action which entitles the defendant to the right of appeal under article 837, Code Criminal Procedure.

Section 17 of the Galveston City charter defines the jurisdiction and powers of the recorder's court, and it nowhere provides for the right of appeal. But, to compensate for this, section 159 of the charter provides that the city council shall have the power to remit fines and penalties belonging to the city.

Neither the city charter nor the Code of Criminal Procedure provides for an appeal from the recorder's court, and in the absence of such a provision the court below was correct in dismissing the appeal.

The unreported case of Casey v. City of Paris, cited by appellant and filed with his brief, and Drum v. The City of Fort Worth, 25 Texas Ct. App., 664, do not decide the point of jurisdiction in this case, as both Fort Worth and Paris are incorporated under the general incorporation law of the State, which provides: "That all prosecutions, trials and proceedings had in said court (recorder's court), under this title, shall be governed by the laws and rules regulating trials, prosecutions and proceeding in justices' courts, in force at the time." (Art. 361, Rev. Stat.) This provision is broad enough to admit of an appeal from a recorder's court, and its existence certainly accounts for the fact that the question of jurisdiction did not arise in the above quoted cases.

It is submitted that it was not intended that there should be an appeal from the recorder's court of the city of Galveston; that such appeals have never been allowed by the criminal district court of Galveston county, and that in the absence of some law—either charter or general law—providing therefor, this court must decide the law as it finds it, and therefore affirm the decision of the court below.

WHITE, PRESIDING JUDGE. Appellant was convicted and fined in the recorder's court of the city of Galveston for a violation of an ordinance of the city. His conviction was for an offense unknown as such to our Penal Code, viz: repairing a wooden building in the city of Galveston in violation of the city ordinances. The proceeding was instituted by a complaint filed in the recorder's court, and the trial was by jury and resulted in defendant being fined in the sum of one hundred dollars and costs. From that judgment the defendant appealed to the criminal district court, in which court the city attorney filed a motion to dismiss the cause upon the following grounds, viz:

"1. This court has no jurisdiction to try a cause for a violation of a municipal ordinance of the city of Galveston. 2. The charter of the city of Galveston, in creating a recorder's court, does not provide for an appeal by the defendant in case of conviction. 3. The Code of Criminal Procedure does not provide for an appeal from a recorder's court, except for violations of the Penal Code which are cognizable before a justice of the peace, or before a recorder acting in his capacity as ex officio justice of the peace," etc. This motion was sustained

and the appeal dismissed, and from that judgment this appeal is prosecuted.

It seems that the city of Galveston is incorporated under a special charter and not under the provisions of the general law as contained in title 17 of the Revised Statutes. (Arts. 340–541 b.) We have not been furnished with, nor have we had access to, the special charter, but it appears to be conceded by attorneys on both sides of this case that in such cases no right of appeal from the recorder's court is conferred or denied, but that the charter is simply silent upon the subject. Such being the case the question is whether or not the right of appeal, being neither expressly withheld nor denied by the charter, it would obtain otherwise under the general statutes.

Under provisions of our general law it is expressly declared that "all prosecutions, trials and proceedings had in said court (recorder's) under this title shall be governed by the laws and rules regulating trials, prosecutions and proceedings in justices courts in force at the time." (Rev. Stats., art. 361.) And under articles 894, 895 and 896 of our Code of Criminal Procedure, mayors and recorders are empowered to exercise within the corporate limits the same criminal jurisdiction, are governed by the same rules and have concurrent jurisdiction with justices of the peace. (Code Crim. Proc., art. 78.) By article 837, Code Criminal Procedure, defendant in any criminal action is given the right of appeal under the rules prescribed thereafter. And by article 839 it is provided that "appeals from judgments rendered by justices of the peace and other inferior courts, in criminal actions, shall be heard by the county court, except in counties where there is a criminal district court, in which counties such appeal shall be heard by such criminal district court." By article 1497 of the Revised Statutes it is declared that the criminal district court of Galveston and Harris counties "shall have exclusive appellate jurisdiction over all criminal cases tried and determined by justices of the peace, mayors and recorders in the said counties of Galveston and Harris, under the same rules and regulations provided by law from justices of the peace, mayors and recorders to the county court in criminal cases."

But it is contended that all these provisions refer to and were only intended, if they can apply at all, to *criminal cases* or to *criminal actions*, and that the case under consideration does not come within the definition of a "criminal action" or a

"criminal case," and consequently does not, everything else being equal, come within the rules prescribed for such cases. We are cited to article 26 of the Penal Code and article 61 of the Code of Criminal Procedure for the definition of *criminal action*, as follows: "A *criminal action*, as used in this code, means the whole and any part of the procedure which the law provides for bringing offenders to justice;" "and a criminal action is prosecuted in the name of the the State of Texas against the person accused, and is conducted by some officer or person acting under the authority of the State, in accordance with its laws."

"An offense which a justice of the peace or the mayor or other officer of a town or city may try and punish is called a petty offense." (Penal Code, art. 56.)

We think the distinction sought to be drawn and made between "criminal actions" and "offenses" or "petty offenses" is hypercritical and not maintainable. It is expressly declared in terms by the code that "the provisions of this code shall be liberally construed so as to obtain the objects intended by the Legislature, the prevention, suppression and punishment of crime." (Code Crim. Proc., art. 26.) Every provision of the code governing justices courts applies to mayors' and recorders' courts. (Code Crim. Proc., arts. 78, 895.)

Nor do we think there is anything in the position that the rules do not apply to this class of cases because they are not prosecuted in the name of "The State of Texas." "Though all prosecutions for offenses against the laws of the State must be carried on in the name of 'The State of Texas.' yet an incorporated city or town may ordain that offenders shall be prosecuted in the name of the municipality." "It is only necessary that the prosecutions should be carried on in the name of the State when the prosecution shall be for a violation of the laws of the State." (Ex parte Boland, 11 Texas Ct. App., 159.)

It is unquestionably the general object and purpose of our statutes to give the right of appeal in all cases tried before mayors and recorders, to the same extent and in the same manner as they are permitted to be prosecuted from justices courts. The charter of the city of Galveston, as we understand it, does neither limit nor withhold this right—in fact is wholly silent upon the subject. The charter, being a special one, it should have expressly regulated the matter if it was intended that a different rule should obtain than that provided for cities incor-

porated under the general law. Not having done so, we hold that the rules announced by the general law and the policy of the law govern the question, and that in all criminal cases for violations of the city ordinances of the city of Galveston, tried by the mayor or recorder, an appeal lies to the criminal district court under the same regulations as apply to justices' trials.

We are of opinion the court below erred in dismissing the appeal for want of jurisdiction, and the judgment is reversed and the cause remanded for trial in said court.

*Reversed and remanded.*