NO. 07-07-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 24, 2008

_____

RODDY DEAN PIPPIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3880; HONORABLE JUANITA PAVLICK, JUDGE[1]

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

On December 30, 2004, pursuant to a plea agreement in Cause No. 3880 (the cause now on appeal), Appellant, Roddy Dean Pippin, was convicted of theft, a state jail felony. Punishment was assessed at two years confinement in a state jail facility, with the

---

[1]Former judge sitting by assignment. Tex. Gov't Code Ann. § 75.054(a)(3)(Vernon 2005).

commencement of sentence to begin when the sentence in Cause No. 3879 ceased to operate.[2]  Appellant has discharged the sentence imposed in Cause No. 3879 and the sentence imposed in this cause began on August 6, 2006.  Within the period specified by the Texas Code of Criminal Procedure,[3] Appellant filed a motion requesting the trial court to suspend further execution of sentence by placing him on "shock probation."  On November 8, 2007, the trial court signed an order granting Appellant's motion and suspending further imposition of sentence in Cause No. 3880.  Without challenging his conviction, Appellant presents two points of error contending the trial court erred by (1) denying shock probation in the other cases that he was required to serve consecutive to the sentence in Cause No. 3880,[4] and (2) imposing upon him special condition 14 of the conditions of community supervision which requires that upon completion of community supervision in this cause, he report to the sheriff to begin serving the next sentence he was required to serve.  We dismiss for want of jurisdiction.

---

[2]Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006).  Unless otherwise indicated, this and all future references to articles refer to the Texas Code of Criminal Procedure.

[3]At any time after the 75th day after the date the defendant is received into the custody of a state jail, the judge of the original trial court may suspend further execution of the sentence and place the defendant on community supervision under the conditions specified by the court.  Tex. Code Crim. Proc. Ann. art. 42.12, § 15(f)(2) (Vernon Supp. 2008).

[4]While the record does not contain a copy of the judgments establishing the sentences Appellant was required to serve consecutive to the sentence in Cause No. 3880, we can determine from the pleadings contained in the Clerk's Record that Appellant was also convicted of two additional state jail felonies in Cause Nos. 3882 and 3885.  Although not determinative of the disposition of this appeal, for purposes of this appeal we will assume that the subsequent sentences about which Appellant complains are the sentences in Cause Nos. 3882 and 3885.

## Background Facts

Appellant testified at the hearing on his application for shock probation that he has had diabetes since age six.[5] Before his incarceration he was able to control his condition by eating appropriate foods, regularly checking his blood sugar, and exercising. While Appellant was serving his sentence in Cause No. 3879, the medical director of the state jail facility where Appellant was being incarcerated, Dr. Jeff Duncan, determined that the facility could not adequately monitor Appellant's medical condition. Dr. Duncan had Appellant transferred from the state jail facility to the Jester III Unit of the Institutional Division where he could receive treatment twenty-four hours a day. The Jester III Unit houses all levels of serious offenders and is not restricted to state jail felony offenders.

Appellant, as well as some of his fellow inmates, testified that during his incarceration his medical passes were not always honored by guards and at times there were delays in getting Appellant medical attention during some of his seizures. Appellant sought relief by applying for shock probation.

At the conclusion of the testimony, defense counsel requested that Appellant be granted shock probation on all remaining consecutive sentences. Defense counsel argued that Appellant had been in custody in a state jail facility for the required minimum of seventy-five days. The State, on the other hand, asserted that article 42.12, § 15(f)(2) allowed the trial court to suspend further execution of the sentence in Cause No. 3880, but

---

[5]Appellant was in his early 20's at the time of the hearing.

3

that the trial court had no jurisdiction over the remaining sentences because those sentences had not yet begun.

**Discussion**

By two points of error, Appellant challenges the trial court's refusal to allow his shock probation to apply to his remaining sentences and also complains of condition 14 of the trial court's order granting shock probation which recites:

> [a]t the conclusion of the 2 years probation, Defendant shall report to the Hardeman County Sheriff's Department, Quanah, Texas, to begin serving the sentence in Cause No. 3882.  After 75 days have been served in that sentence the Defendant may file an application for shock probation with the Court.

Initially, we note that article 42.12, § 15(f)(2) requires a defendant to be in custody for a minimum of seventy-five days before the trial court may suspend further execution of a sentence and grant shock probation.  In those situations where the trial court has imposed cumulative sentences, the court lacks jurisdiction to consider shock probation for the subsequent sentence until the sentence in the first case ceases to operate.  *State ex rel. Thomas v. Banner*, 724 S.W.2d 81 (Tex.Crim.App. 1987).  If the trial court would have granted shock probation in the remaining cases before jurisdiction to do so attached, the order purporting to do so would be void.  *Id.* at 85.

Notwithstanding the foregoing argument, the State argues that this Court has no jurisdiction to entertain Appellant's appeal.  Relying on *Perez v. State*, 938 S.W.2d 761

4

(Tex.App.–Austin 1997, pet. ref'd), the State contends there is no authority for this Court to review an order granting shock probation. We agree.

In *Perez*, the Austin Court of Appeals considered the defendant's right to appeal from an order granting shock probation as a question of first impression. *Id.* at 762. Perez pled guilty to attempted aggravated sexual assault of a child and was sentenced to ten years confinement. Within the time allowed by article 42.12, § 6(a), the trial court granted Perez shock probation. He appealed complaining of one of the conditions of community supervision which required him to report to law enforcement to complete all paperwork for sex offender registration within seven days. The State alleged the court of appeals did not have jurisdiction.

Initially, the court of appeals acknowledged there is no constitutional right to appeal a criminal conviction. *See Perez*, 938 S.W.2d at 762 (citing *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992)). It also recognized that the right to appeal is conferred by the Legislature, and a party may appeal only that which the Legislature has authorized. *See Perez*, 938 S.W.2d at 762 (citing *Marin v. State*, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993)). *See also Rushing v. State*, 85 S.W.3d 283, 285 (Tex.Crim.App. 2002). Finding the Court of Criminal Appeals's decisions in *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Crim.App. 1977), and *Houlihan v. State*, 579 S.W.2d 213 (Tex.Crim.App. 1979), to be instructive, the court concluded it did not have jurisdiction over an appeal from an order granting shock probation. *Id.* at 763.

5

In *Basaldua*, the Court of Criminal Appeals held that there is no constitutional or statutory authority permitting a direct appeal from an order modifying or refusing to modify conditions of probation. In *Houlihan,* the defendant appealed the trial court's order overruling his motion to place him on shock probation. As in *Basaldua*, the Court held there was no constitutional or statutory authority which would confer jurisdiction upon an appellate court to consider an appeal from an order pursuant to article 42.12, § 6 [shock probation statute in non-state jail felonies]*. Houlihan*, 579 S.W.2d at 216. Based on the reasoning in *Basaldua* and *Houlihan*, the Austin Court of Appeals held "[j]ust as there is no authority for an appeal from an order *refusing* shock probation, neither is there authority for an appeal from an order *granting* shock probation." *Perez*, 938 S.W.2d at 762. (Emphasis in original).

Appellant's appeal presents a novel question in that he is effectively contesting a condition of the trial court's order granting of shock probation in the case on appeal, while simultaneously appealing the trial court's denial of shock probation in multiple cases that are not on appeal. Under the rationales of *Basaldua*, *Houlihan*, and *Perez*, we conclude this Court has no jurisdiction to entertain Appellant's two points of error.[6]

---

[6]We express no opinion as to whether Appellant would be entitled to relief under article 42.08(c) of the Texas Code of Criminal Procedure, which was added after the Court's decision in *State ex rel. Thomas v. Banner*, 724 S.W.2d 81 (Tex.Crim.App. 1987). See Act of May 30, 1987, 70th Leg., R.S., ch. 513, § 1, 1987 Tex. Gen. Laws 2125. At all relevant times to this appeal, article 42.08(c) provides that if a defendant has been convicted in two or more cases and the court suspends imposition of the sentence in one of the cases, the court may not order a sentence of confinement to commence on the completion of a suspended sentence for an offense. The apparent conflict between *State ex rel. Thomas* and article 42.08(c) is a question not presented by this appeal.

Consequently, this appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Publish.