PD-0597-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/30/2015 9:39:20 AM
Accepted 7/1/2015 2:19:09 PM
ABEL ACOSTA
CLERK

# COURT OF CRIMINAL APPEALS

## PD-0597-15

## *Bernard Winfield Shortt, Appellant,*
## *v.*
## *State of Texas, Appellee.*

**On Discretionary Review from No. 05-13-01639-CR**
**Fifth Court of Appeals**

**On Appeal from No. F07-00193**
**194th Judicial District Court, Dallas County**

## Petition for Discretionary Review

**Michael Mowla**
**445 E. FM 1382 #3-718**
**Cedar Hill, Texas 75104**
**Phone: 972-795-2401**
**Fax: 972-692-6636**
**michael@mowlalaw.com**
**Texas Bar No. 24048680**
**Attorney for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

July 1, 2015

ABEL ACOSTA, CLERK

## *Oral Argument Requested*

# I. Identity of Parties, Counsel, and Judges

Bernard Winfield Shortt, Appellant

Michael Mowla, attorney for Appellant on appeal and on discretionary review

Basil Hoyl, Attorney for Appellant at trial

Catherine Gould, Attorney for Appellant at trial

Susan Hawk, Dallas County District Attorney, Attorney for Appellee

Lori Ordiway, Dallas County Assistant District Attorney, Attorney for Appellee

Lisa Smith, Dallas County Assistant District Attorney, Attorney for Appellee

Marisa Elmore, Dallas County Assistant District Attorney, Attorney for Appellee

Summer Elmazi, Dallas County Assistant District Attorney, Attorney for Appellee

Mindy Sauter, Dallas County Assistant District Attorney, Attorney for Appellee

Jennifer Sawyer, Dallas County Assistant District Attorney, Attorney for Appellee

Amy Croft, Dallas County Assistant District Attorney, Attorney for Appellee

Hon. Ernest White, Presiding Judge of the 194th Judicial District Court

## II. Table of Contents

I.      Identity of Parties, Counsel, and Judges.........................................................2

II.     Table of Contents...................................................................................3

III.    Table of Authorities...............................................................................5

IV.     Appendix Index .....................................................................................8

V.      Statement Regarding Oral Argument ..................................................................9

VI.     Statement of the Case .............................................................................10

VII.    Procedural History................................................................................11

VIII.   Grounds for Review................................................................................13

IX.     Argument ..........................................................................................14

   **1.** Ground for Review One: The Court of Appeals erred when it dismissed Appellant's appeal for want of jurisdiction because: (1) Texas Code of Criminal Procedure Article 44.02 allows appeals from a *criminal action*, and under this Court's holding in *Bautsch v. Galveston*, 11 S.W. 414 (Tex. Ct. App. 1889), a hearing on a motion for shock probation is a *criminal action*; and (2) the issue appealed was an unconstitutional imposition of restitution, and not the granting of shock probation itself............................14

     **i.** Although the shock probation statute does not specifically provide the right to an appeal of a condition of shock probation, a shock probation proceeding is a *criminal action*, and *Bautsch v. Galveston* and Article 44.02 confer the right to an appeal from a *criminal action*. ...........................................14

     **ii.** The issue appealed was the unconstitutional imposition of restitution, and not the granting of shock probation itself. The imposition of restitution unconstitutionally enlarged his punishment and sentence in violation of the double jeopardy clause. This result should not be allowed by this Court because absent restraints imposed by this court, and an ability to appeal trial court error, a trial court may impose any punishment as part of shock probation, however onerous. ...........................................17

3

**iii.** The cases cited by the Court of Appeals does not support its conclusion that it lacks jurisdiction of this case ..............................21

**2.** Ground for Review Two: In the alternative, under *Houlihan* and *Basaldua*, Appellant asks this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief..........................................................24

X. Conclusion and Prayer .................................................................30

XI. Certificate of Service ..................................................................31

XII. Certificate of Compliance with Tex. Rule App. Proc. 9.4 ...........................32

## III. Table of Authorities

### Cases

*Alabama v. Smith*, 490 U.S. 794 (1989) ...................................................17

*Alexander v. State*, 301 S.W.3d 361 (Tex. App. Fort Worth 2009, *no pet*.) ...............................................................................................19

*Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004) ...........................19

*Basaldua v. State*, 558 S.W.2d 2 (Tex. Crim. App. 1977) .............................. 26, 27

*Bautsch v. Galveston*, 11 S.W. 414 (Tex. Ct. App. 1889) .........................15

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985) ..................25

*Eckels v. Gist*, 743 S.W.2d 330 (Tex. App. Houston [1st Dist.] 1987, *no writ*)......................................................................................26

*Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006) ....................17

*Ex parte Green*, WR-82,072-01, 2015 Tex. Crim. App. Unpub. LEXIS 246 (Tex. Crim. App. April 1, 2015) (per curiam) ..........................28

*Garcia v. Dial, 596 S.W.2d 524 (Tex. Crim. App. 1980)*........................25

*Houlihan v. State*, 579 S.W.2d 213 (Tex. Crim. App. 1979) ....................24

*In re Cornyn*, 27 S.W.3d 327 (Tex. App. Houston [1st Dist.] 2000, orig. proceeding)............................................................................26

*In re Dilley I.S.D.*, 23 S.W.3d 189 (Tex. App. San Antonio 1999, orig. proceeding) ..........................................................................26

*In re Kuntz*, 124 S.W.3d 179 (Tex. 2003)................................................24

*In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602 (Tex. 2000)................26

*In re Wise*, 20 S.W.3d 894 (Tex. App. Waco 2000, *no pet*.)....................25

*Lopez v. State*, 108 S.W.3d 293 (Tex. Crim. App. 2003) .........................17

*North Carolina v. Pearce*, 395 U.S. 711 (1969)......................................17

*Olowosuko v. State*, 826 S.W.2d 940 (Tex. Crim. App. 1992)................14

*Perez v. State*, 938 S.W.2d 761 (Tex. App. Austin 1997, *pet. ref.*)................. 21, 22

*Pippin v. State*, 271 S.W.3d 861 (Tex. App. Amarillo 2008, *no pet*.)............. 21, 22

*Roberts v. State*, No. 04-10-00558-CR, 2010 Tex. App. LEXIS 8940, 2010 WL 4523788 (Tex. App. San Antonio Nov. 10, 2010, *pet. ref.*) (mem. op., not designated for publication)............................22

*Shortt v. State*, 05-13-01639-CR, 2015 Tex. App. LEXIS 4808 (Tex. App. Dallas, May 12, 2015) (memorandum opinion) ............................ 10, 12

*Simon v. Levario*, 306 S.W.3d 318 (Tex. Crim. App. 2009) ................................. 26

*State ex rel. Bryan v. McDonald, 662 S.W.2d 5* (Tex. Crim. App. 1983) ............................................................................................... 25

*State ex rel. Curry v. Gray*, 726 S.W.2d 125 (Tex. Crim. App. 1987) (opinion on rehearing) ............................................................................ 25

*State ex rel. Wade v. Stephens*, 724 S.W.2d 141 (Tex. App. Dallas 1987, orig. proceeding) ............................................................................ 26

*Stoner v. Massey*, 586 S.W.2d 843 (Tex. 1979) ................................................ 25

*Thursby v. State*, 05-94-01772-CR, 1997 WL 472310, 1997 Tex. App. LEXIS 4378 (Tex. App. Dallas Aug. 20, 1997, *pet. ref.*) (mem. op., not designated for publication) ................................................................ 22

*Weir v. State*, 252 S.W.3d 85 (Tex. App. Austin 2008), *affirmed in part and reversed in part*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) ............................................................................................... 18

**Statutes**

Tex. Code Crim. Proc. Art. 4.04 § 1 (2015) ....................................................... 25

Tex. Code Crim. Proc. Art. 42.037 (2004) ......................................................... 20

Tex. Code Crim. Proc. Art. 42.12 (2013) ........................................... 11, 14, 16, 20

Tex. Code Crim. Proc. Art. 43.037 (2015) ......................................................... 20

Tex. Code Crim. Proc. Art. 44.02 (2015) ........................................................... 15

**Rules**

Tex. Rule App. Proc. 21.1 (2015) ...................................................................... 16

Tex. Rule App. Proc. 25.2 (2014) ........................................................... 11, 15, 17

Tex. Rule App. Proc. 26.2 (2014) ...................................................................... 11

Tex. Rule App. Proc. 66.3 (2015) ...................................................................... 30

Tex. Rule App. Proc. 68.11 (2015) .................................................................... 31

Tex. Rule App. Proc. 68.4 (2015) ................................................................... 9, 13

Tex. Rule App. Proc. 9.4 (2015) ........................................................................ 32

Tex. Rule App. Proc. 9.5 (2015) ........................................................................ 31

**Constitutional Provisions**

Tex. Const. Art. 5, § 5.................................................................. 25, 27

U.S. Const. Amend. V.......................................................................17

## IV. Appendix Index

*Shortt v. State*, 05-13-01639-CR, 2015 Tex. App. LEXIS 4808 (Tex. App. Dallas, May 12, 2015) (memorandum opinion)

## V. Statement Regarding Oral Argument

Should this Court grant this petition, Appellant requests oral argument. *See* Tex. Rule App. Proc. 68.4(c) (2015). Appellant believes that the facts and legal arguments are adequately presented in this petition. However, the issue in this case appears to be one of first impression. Therefore, should this Court determine that its decisional process will be significantly aided by oral argument, Appellant will be honored to present oral argument.

**To The Honorable Judges of the Court of Criminal Appeals:**

Appellant Bernard Winfield Shortt respectfully submits this petition for discretionary review:

## VI. Statement of the Case

This petition requests that this Court review the *Memorandum Opinion* and judgment of the Fifth Court of Appeals in *Shortt v. State*, 05-13-01639-CR, 2015 Tex. App. LEXIS 4808 (Tex. App. Dallas, May 12, 2015) (memorandum opinion), in which the court of appeals dismissed Appellant's appeal for want of jurisdiction on the basis that the court of appeals does not have jurisdiction to consider the appeal because Appellant "appeals from an order granting shock probation" *Id*. at *6. The issue appealed in this case was unconstitutional restitution imposed on Appellant in the judgment of shock probation, and not the granting of shock probation itself. In this petition, Appellant will ask this Court to rule that with a proper objection, an appellant should be allowed to appeal an unconstitutional imposition of restitution in the order of shock probation. In the alternative, Appellant will ask this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief.

## VII.  Procedural History

On October 28, 2013, Appellant was placed on community supervision under Texas Code of Criminal Procedure Article 42.12 § 6, Continuing Court Jurisdiction in Felony Cases ("shock probation").  (CR, 60-63)[1]; *see* Tex. Code Crim. Proc. Art. 42.12 § 6 (2013).  Appellant preserved the issue of restitution being imposed in the order.  (RR5).

On November 20, 2013, Appellant filed a timely notice of appeal.  (CR, 65-66).  *See* Tex. Rule App. Proc. 26.2(a) (2013).  The trial court signed a Certification of Appellant's Right of Appeal, certifying that this is a criminal case, and the order to be appealed is entitled *Order Placing Defendant on Probation* signed by the trial court on October 28, 2013, in which the trial court placed the defendant on community supervision under the shock probation statute, Article 42.12, § 6.  (CR, 79).  The trial court further certified that the order dated October 28, 2013 is an appealable order, and that Appellant has the right of appeal under the Texas Rules of Appellate Procedure.  (CR, 79); See Tex. Rule App. Proc. 25.2(a)(2) (2013).

On May 12, 2015, the court of appeals issued a *Memorandum Opinion* and judgment, in which the court of appeals dismissed Appellant's appeal for want of

---

[1] The Record on Appeal consists of the Clerk's Record, which is one volume and a supplemental volume, and the Reporter's Record, which is five volumes.  The Clerk's Record is cited as "CR" or "CR-Supp" followed by the page number, and the Reporter's Record is cited as "RR" followed by the volume number and page number.

jurisdiction on the basis that the court of appeals does not have jurisdiction to consider the appeal because Appellant "appeals from an order granting shock probation" *Shortt, id.* at *6. This petition for discretionary review follows.

## VIII. Grounds for Review

**Ground for Review One:** The Court of Appeals erred when it dismissed Appellant's appeal for want of jurisdiction because: (1) Texas Code of Criminal Procedure Article 44.02 allows appeals from a criminal action, and under this Court's holding in *Bautsch v. Galveston*, 11 S.W. 414 (Tex. Ct. App. 1889), a hearing on a motion for shock probation is a *criminal action*; and (2) the issue appealed was an unconstitutional imposition of restitution, and not the granting of shock probation itself.

**Ground for Review Two:** In the alternative, under *Houlihan* and *Basaldua*, Appellant asks this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief.

The relevant pages of the record are:

Clerk's Record: 11, 17, 21-22, 25, 27, 35-52, 56-58, 60-63, 79.

Reporter's Record: volume 5.

*See* Tex. Rule App. Proc. 68.4(f) (2015).

**IX. Argument**

1. <u>**Ground for Review One**</u>**: The Court of Appeals erred when it dismissed Appellant's appeal for want of jurisdiction because: (1) Texas Code of Criminal Procedure Article 44.02 allows appeals from a *criminal action*, and under this Court's holding in *Bautsch v. Galveston*, 11 S.W. 414 (Tex. Ct. App. 1889), a hearing on a motion for shock probation is a *criminal action*; and (2) the issue appealed was an unconstitutional imposition of restitution, and not the granting of shock probation itself.**

   i. **Although the shock probation statute does not specifically provide the right to an appeal of a condition of shock probation, a shock probation proceeding is a *criminal action*, and *Bautsch v. Galveston* and Article 44.02 confer the right to an appeal from a *criminal action*.**

Texas Code of Criminal Procedure Article 42.12 § 6 does not specifically provide that a defendant may appeal from a judgment granting or denying shock probation. Nor does Article 42.12 § 6 specifically provide that a defendant may appeal a condition of shock probation.

However, Article 42.12 § 6 does not *prohibit* an appeal from either: (1) a judgment granting or denying shock probation; or (2) a condition of shock probation. And it is settled law that because neither the federal nor Texas Constitutions provide that a defendant has a right to appeal a criminal judgment, the right of appeal is created by statute and extends to any criminal defendant who has been the subject of an appealable order. *See Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992). Still, a shock probation proceeding is a *criminal action*. And because a shock probation proceeding is a *criminal action*,

and Article 44.02 allows an appeal from a *criminal action*, Appellant has the right to an appeal of the issue raised in this case.

Further, the right to an appeal need not be provided in the **same statute** that provides for certain relief or explains a particular procedure. In fact, in most criminal actions or proceedings, a defendant's right of appeal comes from Texas Code of Criminal Procedure Article 44.02, which provides, "[A] defendant in **any criminal action** has the right of appeal under the rules hereinafter prescribed...." Tex. Code Crim. Proc. Art. 44.02 (2015). And, Texas Rule of Appellate Procedure 25.2 provides that "a defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." Tex. Rule App. Proc. 25.2(a)(2) (2014).

A "criminal action" is any part of the procedure in which "the law provides for bringing offenders to justice." *See Bautsch v. Galveston*, 11 S.W. 414, 415 (Tex. Ct. App. 1889). In 1889, this Court's predecessor court,[2] the Texas Court of Appeals, held as follows:

> "...[A] criminal action is prosecuted in the name of the State of Texas against the person accused, and is conducted by some officer or

---

[2] The Court of Appeals was created by the Texas Constitution of 1876, Article V, Section 4, which removed all criminal jurisdiction from the Supreme Court. In September 1891, a constitutional amendment removed all civil jurisdiction from the Court of Appeals, and its name was changed to the Court of Criminal Appeals. *See* Texas Archival Resources Online, http://www.lib.utexas.edu/taro/tslac/50019/tsl-50019.html, last accessed on June 29, 2015.

person acting under the authority of the State, in accordance with its laws."

*Bautsch*, *id*. at 415. In a hearing for a motion for shock probation, the State, judge, and defendant are all present, and the authority is derived from the laws of Texas. Thus, a hearing on a motion for shock probation is clearly a "criminal action."

In fact, any part of the criminal adjudication process in Texas is a "criminal action." A hearing on a motion for shock probation is as much of a *criminal action* as a new trial or a new trial on punishment, which under Texas Rule of Appellate Procedure 21.1(a) is defined as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt," and under 21.1(b) as "a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt." *See* Tex. Rule App. Proc. 21.1 (2015).

The trial court in this case was correct to certify this case for appeal. The trial court signed a Certification of Appellant's Right of Appeal, certifying that this is a criminal case, and the order to be appealed is entitled *Order Placing Defendant on Probation* signed by the trial court on October 28, 2013, in which the trial court placed the defendant on community supervision under Texas Code of Criminal Procedure Article 42.12, § 6, Continuing Court Jurisdiction in Felony Cases. (CR,

16

79).  The trial court further certified that the order dated October 28, 2013 is an appealable order, and that Appellant has the right of appeal under the Texas Rules of Appellate Procedure.  (CR, 79); *see* Tex. Rule App. Proc. 25.2(a)(2) (2013).  Appellant is "a defendant in **(a) criminal action"** and  thus has the right of appeal in this case.

> **ii. The issue appealed was the unconstitutional imposition of restitution, and not the granting of shock probation itself.  The imposition of restitution unconstitutionally enlarged his punishment and sentence in violation of the double jeopardy clause.  This result should not be allowed by this Court because absent restraints imposed by this court, and an ability to appeal trial court error, a trial court may impose any punishment as part of shock probation, however onerous.**

The Fifth Amendment provides that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V.  Three constitutional protections are provided under the Fifth Amendment: protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006), *citing North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds* by *Alabama v. Smith*, 490 U.S. 794 (1989); *see also Lopez v. State*, 108 S.W.3d 293, 295-296 (Tex. Crim. App. 2003).  By imposing restitution (a form of punishment) in the shock probation order after Appellant already was incarcerated

17

under the May 31, 2013 order, the trial court punished Appellant two times for the same offense, and this violates the Fifth Amendment.

The facts of *Weir* are instructive: restitution was not ordered in open court or in the written judgment, but was considered punishment. *See Weir v. State*, 252 S.W.3d 85, 86 (Tex. App. Austin 2008), *affirmed in part and reversed in part*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The defendant was ordered to pay restitution as a condition of community supervision. *Id*. at 86. The State filed a motion to revoke community supervision. *Id*. During the revocation hearing, the trial court adjudicated the defendant guilty and sentenced him to prison for ten years. *Id*. at 87. The trial court did not mention the previously ordered restitution or court costs in its oral pronouncement. *Id*. The written judgment arising out of the same revocation hearing, however, required the defendant to pay the restitution and the court costs. *Id*.

The Third Court of Appeals held that restitution must be pronounced orally to be included in the written judgment. *Id*. at 87-88. The court also held that the costs provision in the written judgment must be deleted because court costs are at least in part punitive. *Id*. at 88-90. The State appealed, arguing that the assessment of court costs need not be included in the oral pronouncement of sentence because court costs are not punitive. *See Weir*, 278 S.W.3d at 365. This Court agreed, holding that court costs are not punitive, and therefore did not have to be included

in the oral pronouncement of sentence in that case as a precondition to their inclusion in the trial court's written judgment. *Id*. at 367. This Court, however, affirmed the remainder of the judgment, because unlike court costs, restitution is punitive. *Id*.; *see also Alexander v. State*, 301 S.W.3d 361, 367 (Tex. App. Fort Worth 2009, *no pet*.) (An order of restitution must be included in the oral pronouncement to be valid).

Thus, if restitution is not imposed in open court or entered into a judgment, the issue of restitution is settled, and it cannot be imposed at a later time. In Appellant's case, when the trial court entered its May 31, 2013 *Judgment Adjudicating Guilt*, Appellant's punishment was imposed. Restitution is punishment, and in Appellant's case, no restitution was ordered either in open court or in the Judgment Adjudicating Guilt. Before being placed on shock probation, Appellant spent nearly five months in prison. As a result, Appellant was already punished for the offense. And by imposing restitution in the *Order Placing Defendant on Probation* (shock probation order) on October 28, 2013, the trial court punished Appellant a second time for the same conduct. This violates the double jeopardy clause.

Finally, an order of restitution is part of the judgment and does not merely act as a condition of community supervision. This Court noted in *Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004), that the restitution statute, Texas Code of

Criminal Procedure 42.037, states in relevant part that "the imposition of the order [of restitution] may not unduly complicate or prolong the sentencing process." *Id.* at 15; *see* Tex. Code Crim. Proc. Art. 42.037(e) (2004). This statement "implies that restitution is imposed as part of the original sentence, and that the sentence is not complete until restitution is imposed." *Bailey, id.* at 15. The Court also noted that "Article 42.01(1)(25) prescribes that 'the judgment' should reflect '....a statement of the amount of restitution ordered.'" *Id.*

In addition, Article 43.037 provides that a court may order the defendant "to make restitution to any victim of the offense or to the compensation to victims of crime fund..." Tex. Code Crim. Proc. Art. 43.037(a) (2015). A trial court's power to restrain a person lies in its power to enter a judgment, and Article 43.037 and the explanation by this Court in *Bailey* make it clear that an order of restitution is part of the judgment and not merely a condition of community supervision. *See also* Tex. Code Crim. Proc. Art. 42.12 § 23(a) (2015) ("[T]he judge shall enter the amount of restitution or reparation owed by the defendant on the date of revocation **in the judgment** in the case") (emphasis added) and Tex. Code Crim. Proc. Art. 42.12 § 2 (2015) (Restitution is part of the judgment and does not merely act as a condition of community supervision because both the state and the victim of a criminal offense may hold a statutory restitution lien arising from any judgment in a criminal case that is entered. The victim has a lien to secure the amount of

20

restitution to which the victim is entitled under the order of a court in a criminal case, and the state has a lien to secure the amount of fines or costs entered against the defendant in the judgment in a felony criminal case.).

### iii. The cases cited by the Court of Appeals does not support its conclusion that it lacks jurisdiction of this case

The cases cited by the Court of Appeals are distinguishable from the facts and circumstances of this case and do not deal with an unconstitutional imposition of restitution in an order granting shock probation. In *Perez v. State*, 938 S.W.2d 761, 762-763 (Tex. App. Austin 1997, *pet. ref.*), the defendant complained of a condition of shock probation that required him to report to law enforcement to complete paperwork for sex offender registration within seven days. *Id.* at 762. *Perez* thus did not involve a challenge to the imposition of unconstitutional restitution in the order granting shock probation.

In *Pippin v. State*, 271 S.W.3d 861 (Tex. App. Amarillo 2008, *no pet.*), the defendant was convicted of state jail felony theft. *Id.* at 861. He is assessed two years in state jail, and the sentence is ordered to run consecutive to another sentence. He files a timely motion for shock probation, which is granted. *Id.* at 861-862. The defendant: (1) argued that the trial court erred by denying shock probation in the other case that he was required to serve consecutive to the sentence before the court, and (2) excepted to a condition of the shock probation.

21

*Id*. The court found that the appellant's case "...presents a novel question in that he is effectively contesting a condition of the trial court's order granting of shock probation in the case on appeal, while simultaneously appealing the trial court's denial of shock probation in multiple cases that are not on appeal." *Id*. at 863-864. *Pippen* did not involve a challenge to the judgment granting shock probation itself.

In *Roberts v. State*, No. 04-10-00558-CR, 2010 Tex. App. LEXIS 8940, 2010 WL 4523788 (Tex. App. San Antonio Nov. 10, 2010, *pet. ref.*) (mem. op., not designated for publication), as a condition of shock probation, the defendant was ordered to pay $70,000.00 to a children's charity of his choice. *Id*. at *1-2. The defendant argued that he was not appealing the grant of shock probation, but only the terms and conditions of the shock probation, and specifically the $70,000 charitable contribution condition. *Id*. at *2. Relying on *Perez*, 938 S.W.2d 761, the court of appeals found that it had no jurisdiction over the appeal. *Id*. Again, the issue was not the imposition of restitution in the shock probation order.

Finally, in *Thursby v. State*, 05-94-01772-CR, 1997 WL 472310, 1997 Tex. App. LEXIS 4378 (Tex. App. Dallas Aug. 20, 1997, *pet. ref.*) (mem. op., not designated for publication), after being placed on shock probation, the appellant was charged with new offenses, pleaded true to the new offenses, so his shock probation was revoked. *Id*. at *1-3. This case bears no relevance to Appellant's case.

As a result, none of the cases relied upon by the Court of Appeals support its conclusion that it lacks jurisdiction of this case. And as the arguments below will show, *Houlihan* and *Basaldua* support Appellant's argument that this Court may treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief.

**2. Ground for Review Two: In the alternative, under *Houlihan* and *Basaldua*, Appellant asks this Court to treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief.**

Without waiving the arguments in Ground for Review One, in the alternative, Appellant argues that *Houlihan* and *Basaldua* support Appellant's argument that this Court may treat this case as a writ of mandamus or habeas corpus, consider the case on its merits, and grant the requested relief.[3] In *Houlihan v. State*, 579 S.W.2d 213 (Tex. Crim. App. 1979), the defendant appealed the trial court's order that denied his motion for shock probation. *Id*. at 214-215. This Court held that it was without appellate jurisdiction to consider an order **denying** a motion for shock probation. *Id*. at 215-216 (emphasis added). As a result, this Court held, "[T]he only approach is to treat this purported appeal as an application for the extraordinary writ of mandamus." *Houlihan*, 579 S.W.2d at 217. Unlike the appellant in *Houlihan*, Appellant does not appeal an order *denying* his motion for shock probation, but rather appeals the unconstitutional imposition of restitution as part of the judgment of shock probation. Therefore, as the following shows, Appellant's case is more ripe for mandamus relief than was *Houlihan*.

A writ of mandamus will issue to correct trial court actions when there has been a clear abuse of discretion, particularly where the remedy by appeal is inadequate. *See In re Kuntz,* 124 S.W.3d 179, 181-182 (Tex. 2003). The Court of

---

[3] This argument was raised by Appellant in the Court of Appeals in a letter brief dated April 13, 2015.

Criminal Appeals constitutional authority to issue the writ of mandamus in criminal law matters. Tex. Const. Art. 5, § 5. This Court also has statutory authority to do so. Tex. Code Crim. Proc. Art. 4.04 § 1 (2015).

Mandamus is the proper remedy to set aside an action that has already been taken, such as an improper order of the trial court. *Garcia v. Dial*, 596 S.W.2d 524, 529 (Tex. Crim. App. 1980); *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983); *In re Wise*, 20 S.W.3d 894, 895 (Tex. App. Waco 2000, *no pet.*) (Equitable principles govern mandamus relief).

There are three prerequisites for a writ of mandamus: (1) the lower court must have a legal duty to perform a nondiscretionary act, (2) the party must make a demand for performance, and (3) the lower court must refuse that request. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). All three conditions are present in this case. These conditions must relate to an unequivocal, unconditional, and present duty on the part of the lower court. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (opinion on rehearing).

A trial court abuses its discretion if it acts without reference to any guiding rules and principles, or if the trial court's act is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-242 (Tex. 1985). A trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Id*. Mandamus also lies over an interlocutory order or temporary order

25

that the court had no jurisdiction to make. *In re Cornyn*, 27 S.W.3d 327, 332 (Tex. App. Houston [1st Dist.] 2000, orig. proceeding); *see Eckels v. Gist*, 743 S.W.2d 330 (Tex. App. Houston [1st Dist.] 1987, *no writ*) (Mandamus is an appropriate remedy to nullify an order entered without legal authority), *see also State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 143 (Tex. App. Dallas 1987, orig. proceeding).

Mandamus is available to challenge a void order of the trial court. *In re Dilley I.S.D.*, 23 S.W.3d 189, 191 (Tex. App. San Antonio 1999, orig. proceeding). Mandamus is also proper when a trial court issues an order beyond its jurisdiction, and when a court does so, the relator need not show that he does not have an adequate remedy on appeal. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 603 (Tex. 2000). Mandamus and prohibition are specifically available in a criminal action if the relator shows: (1) that the act he seeks to compel or prohibit does **not** involve a discretionary or judicial decision; and (2) that he has no adequate remedy at law to redress the harm that he alleges will ensue. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009).

The order imposing restitution in this case is clearly void and therefore mandamus lies. Appellant thus asks this Court to exercise its mandamus jurisdiction as allowed in *Houlihan* and grant the requested relief.

In the alternative, this Court may exercise its habeas corpus jurisdiction and grant relief. In *Basaldua v. State*, 558 S.W.2d 2 (Tex. Crim. App. 1977), the

defendant appealed an order denying a motion to modify conditions of probation. *Id*. at 3. The conditions complained of were a fine, court costs, payment for the cost of his court-appointed attorney, and submission to a search at the discretion of his probation officer. *Id*. The defendant filed a motion to modify these conditions, which was denied by the trial court. *Id*. The defendant appealed, and this Court found that although it did not have jurisdiction to entertain an appeal of the order denying the motion to modify the conditions of probation, it could consider the case on its merits because it appeared to be a writ of habeas corpus, and "[I]f the facts raise a proper habeas corpus issue, then the proceedings should be considered as a habeas corpus proceeding since to dismiss the appeal and require a new and separate habeas corpus application would require a useless thing." *Id*. at 5-6.

Thus, this Court may also consider this appeal as a writ of habeas corpus, which is a result supported by this Court's holding in *Basaldua*, 558 S.W.2d at 5-8. Like mandamus, in the exercise of its original jurisdiction, this Court has both constitutional and statutory power to issue writs of habeas corpus in the exercise of its original jurisdiction. Tex. Const. Art. 5, § 5; *see* Tex. Code Crim. Proc. Art. 4.04 § 1 (2015); *see also Ex parte Powell*, 558 S.W.2d 480, 482 (Tex. Crim. App. 1977).

By considering this Court's rulings in *Houlihan* and *Basaldua*, Appellant asks that this Court consider this case as a writ of mandamus or habeas corpus, find

27

that the trial court erred and abused its discretion when in violation of Appellant's Fifth Amendment right against double jeopardy, it imposed restitution in the shock probation order because: (1) no restitution was imposed in the *Judgment Adjudicating Guilt* dated May 31, 2013, and (2) no restitution was rendered in open court during the hearing on May 31, 2013. The act of the trial court that Appellant seeks to address, the imposition of an unconstitutional restitution judgment in violation of the double jeopardy clause, does not involve a discretionary or judicial decision; and (2) should this Court determine that it does not have jurisdiction to consider this issue on direct appeal, Appellant has no adequate remedy at law to correct the harm.

Appellant notes two other factors supporting the relief requested. First, Appellant asks this Court to consider that in its brief, the State agreed that the trial court erred in imposing the restitution. *See* State's Br. ("The State agrees that the trial court erred in including restitution in the amount of $6,178 in Appellant's conditions of community supervision for shock probation.").

Second, Appellant's arguments in favor of this Court treating this appeal as a writ of mandamus or habeas corpus are supported by Judge Yeary's dissent in *Ex parte Green*, WR-82,072-01, 2015 Tex. Crim. App. Unpub. LEXIS 246 (Tex. Crim. App. April 1, 2015) (per curiam). In *Green*, this Court granted relief because the defendant placed his *pro se* petition for discretionary review into the

28

prison mail system on the date it was due, so the court erred by dismissing the petition as untimely.  In his dissent, Judge Yeary argues that the defendant has a valid habeas claim because his trial counsel was ineffective due to failing to object to an improper stacking the defendant's sentences.  Although this Court granted the out-of-time petition and dismissed the other claims, Judge Yeary concluded that he would grant relief immediately on the ineffective assistance claim because:

> "There is little doubt that, even if applicant complains about the stacking order in a new petition for discretionary review, he will not get relief for that claim in that proceeding. Who knows whether the pro se Applicant in this case will continue to pursue that claim if his petition for discretionary review is refused? He might. Or he might lose heart and give up hope. This Court's decision today affords only part of the relief to which Applicant is entitled, and because it only affords relief that is unlikely to result in a timely review of the trial court's stacking order in his case, **he will simply be required to file another postconviction application for writ of habeas corpus at some future date if he wants to obtain the relief to which he is demonstrably entitled. Because I fail to see the point in that,** I respectfully dissent.

*Id*. *dissent* at *7-8 (empahsis added).

Although Judge Yeary does not use the phrase "appellate orbit," his explanation in *Green* is essentially that if relief may be granted on the merits of a claim without violating basic principles of appellate review (i.e., rules regarding preservation of error, etc.), rather than launch the appellant into what undersigned counsel describes as "appellate orbit," a reviewing court should determine the case on its merits in the first instance.

Appellant understands that he can later file a writ of habeas corpus under Article 11.072 raising these same issues, which would likely be denied by the trial court, and then he can appeal this denial to the court of appeals. However, the case is now before this Court, and Appellant argues the same grounds he would argue in the Article 11.072 proceeding. Being forced to go the Article 11.072 route will take at least another 18 months, and so rather than let Appellant fall into this "appellate orbit," this Court has the power to grant relief now. Appellant respectfully asks this Court to do so.

## X.  Conclusion and Prayer

For the reasons stated in this petition, the Court of Appeals has: (1) decided an important question of state and federal law that has not been, but should be, settled by the Court of Criminal Appeals; (2) decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States; and (3) misconstrued a statute. *See* Tex. Rule App. Proc. 66.3 (b)-(d) (2015). Appellant respectfully prays that this Court grant discretionary review, hold that a hearing on shock probation is a "criminal action," the result of which is appealable by a defendant, modify the *Order Placing Defendant on Probation* dated October 28, 2013 (shock probation order) and delete the restitution order.

Respectfully submitted,

30

Michael Mowla
445 E. FM 1382 No. 3-718
Cedar Hill, Texas 75104
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant

**/s/ Michael Mowla**
By: Michael Mowla

## XI. Certificate of Service

This certifies that on June 30, 2015, a copy of this document was served on Lori Ordiway and Lisa Smith of the Dallas County District Attorney's Office, Appellate Division, 133 N. Riverfront Boulevard, Dallas, Texas 75207 by email to lori.ordiway@dallascounty.org, lisa.smith@dallascounty.org, and DCDAAppeals@dallascounty.org; and also on Marissa Elmore at marisa.elmore@dallascounty.org; and on Lisa McMinn, the State Prosecuting Attorney, by email to Lisa.McMinn@spa.texas.gov, and John Messinger, Assistant State Prosecuting Attorney, by email to john.messinger@spa.state.tx.us. *See* Tex. Rule App. Proc. 9.5 (2015) and Tex. Rule App. Proc. 68.11 (2015).

**/s/ Michael Mowla**
By: Michael Mowla

## XII. Certificate of Compliance with Tex. Rule App. Proc. 9.4

This certifies that this document complies with the type-volume limitations because this document is computer-generated and does not exceed 4,500 words. Using the word-count feature of Microsoft Word, the undersigned certifies that this document contains 4,365 words in the document *except* in the following sections: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented (grounds for review section), statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix. This document also complies with the typeface requirements because it has been prepared in a proportionally-spaced typeface using 14-point font. *See* Tex. Rule App. Proc. 9.4 (2015).

**/s/ Michael Mowla**
By: Michael Mowla

# APPENDIX

# *Shortt v. State*

Court of Appeals of Texas, Fifth District, Dallas

May 12, 2015, Opinion Filed

No. *05-13-01639-CR*

**Reporter**
2015 Tex. App. LEXIS 4808

BERNARD WINFIELD SHORTT, Appellant v. THE STATE OF TEXAS, Appellee

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** **[*1]** On Appeal from the 194th Judicial District Court, Dallas County, Texas. Trial Court Cause No. F07-00193-M.

## Core Terms

restitution, probation, shock, trial court, community supervision, sentence, conditions, appeals, guilt, pet

## Case Summary

### Overview

HOLDINGS: [1]-The parties could not confer jurisdiction on the appellate court even if they agreed to do so because *Tex. Code Crim. Proc. Ann. art. 42.12, § 6* (Supp. 2014) did not confer jurisdiction upon an appellate court jurisdiction to consider an appeal from an order imposing shock probation.

### Outcome

Appeal dismissed.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Probation > Revocation > Proceedings

Criminal Law & Procedure > Appeals > Appellate Jurisdiction > Authority of Appellate Court

*HN1* As other Texas courts have previously held, there is no statutory authority which confers jurisdiction upon an appellate court jurisdiction to consider an appeal from an order imposing shock probation pursuant to *Tex. Code Crim. Proc. Ann. art. 42.12, § 6* (Supp. 2014). The statute currently permits appeals of an order revoking probation, *Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b)*.

**Counsel:** For Appellants: Michael Mowla, Cedar Hill, TX.

For Appellees: Marissa Elomore, Susan Hawk, Dallas, TX.

**Judges:** Before Justices Francis, Evans, and Stoddart. Opinion by Justice Evans.

**Opinion by:** DAVID EVANS

## Opinion

**MEMORANDUM OPINION**

Opinion by Justice Evans

Appellant Bernard Winfield Shortt appeals from an order granting him shock probation which imposed restitution as a condition of probation. Appellant contends the order violates his _Fifth Amendment_ right against double jeopardy and requests that this court delete the restitution order. The State did not agree there was a constitutional infirmity, but agreed for statutory reasons that the trial court erred by ordering appellant to pay restitution and requested that this Court modify the order to delete the condition requiring restitution. After a review of the issue before us, we dismiss the appeal for want of jurisdiction.

**BACKGROUND**

In January 2007, appellant was indicted for burglary of a habitation. On October 12, 2007, appellant signed a judicial confession and a plea agreement which recommended that he receive seven years' deferred community supervision as his sentence. Appellant waived trial by jury and entered a guilty plea. The court accepted appellant's plea but did **[\*2]** not make a finding of guilt and passed the case to a later date. On December 7, 2007, the court held a hearing and placed appellant on seven years' deferred adjudication and ordered payment of $9,085 in restitution. The conditions for appellant's community supervision required, among others things, that he make monthly payments toward his restitution, complete 800 hours of community service, and report to a supervision officer.

On May 17, 2013, the State filed a motion to revoke probation or proceed with an adjudication of guilt after appellant violated numerous conditions of his probation including failure to pay restitution. At the subsequent revocation hearing, appellant entered a plea of "true" to the State's allegations. Appellant also signed a plea agreement in which he admitted to violating the conditions of his community supervision including the failure to pay restitution. The trial court concluded that appellant had violated the terms of his probation and entered a Judgment Adjudicating Guilt. This judgment sentenced appellant to ten years' confinement. The trial court did not orally pronounce a fine or restitution, and the section in the judgment referring to restitution **[\*3]** reads: "Restitution: $N/A."

Appellant began his incarceration on May 31, 2013 and remained incarcerated until October 25, 2013 when he returned to court for a shock probation hearing. At the hearing, the trial court asked appellant if he owed restitution and appellant's counsel objected. Counsel argued that because the trial court did not pronounce restitution during sentencing at the revocation hearing, the trial court could not include

it among the conditions of appellant's shock probation. At the conclusion of the hearing, the court granted the request for shock probation, suspended the ten-year sentence of imprisonment, placed appellant on five years' community supervision and ordered, over counsel's objection, appellant to pay restitution. The trial court required payment of restitution as a condition of community supervision. Condition (q) of appellant's conditions of community supervision addressed the issue of restitution:

> Make restitution in the amount of $6,178.00 for the loss sustained by the injured party. Payments are to be paid through the community supervision officer of this court at the rate of $110.00 per month. First payment is due on or before 11/30/2013 and a like **[*4]** payment is due on or before the first day of each month thereafter until paid in full[.]

Appellant then filed a notice of appeal regarding the restitution provision in the order.

## ANALYSIS

In his sole point of error, appellant asserts that the trial court erred and violated his *Fifth Amendment* right against double jeopardy by including restitution as a condition of his shock probation. The State did not concede that a violation of appellant's *Fifth Amendment* rights had occurred, but did concede that the court lacked statutory authority to include the restitution in the order granting shock probation.[1] We do not reach these arguments because of the jurisdictional impediment in this case.

The trial court certified appellant could appeal this case and, as noted above, both appellant and the State filed briefs treating the case as appealable. But the parties cannot confer jurisdiction on this court even if they agreed to do so. *See State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996)* ("subject matter jurisdiction cannot be conferred by agreement of the parties; jurisdiction must be vested in a court by constitution or statute"), *overruled on other grounds by State v. Medrano, 67 S.W.3d 892 (Tex. Crim. App. 2002)*; *see also Zepeda v. State*, 993 S.W.2d 167 (Tex. App.—1999, pet. ref'd) (declining to construe appeal for denial of shock probation as a writ of habeas corpus because appellate court lacks original habeas corpus jurisdiction in criminal matters). *HN1* As other Texas courts have previously **[*6]** held, we hold that there is no statutory authority which confers jurisdiction upon an appellate court jurisdiction to consider an appeal from an order imposing shock probation pursuant to *article 42.12 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 42.12, § 6* (West Supp. 2014); *Perez v. State, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd)* (dismissing appeal for lack of jurisdiction because defendant cannot appeal an order granting shock probation); *Pippin v. State, 271 S.W.3d 861 (Tex. App.—Amarillo 2008, no pet.)* (same); *see also Houlihan v. State, 579 S.W.2d 213 (Tex. Crim. App. 1979)* (dismissing appeal of order denying motion for shock probation); *Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977)* (dismissing appeal of

---

[1] The trial court sentenced appellant to ten years' confinement in the order adjudicating guilt but did not mention restitution. The Texas Court of Criminal Appeals has twice concluded that restitution is punitive in nature. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009) (citing *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006)). The court has held that if restitution is ordered, judgments are required to state the amount of restitution. *Bailey v. State*, 160 S.W.3d 11, 15 (Tex. Crim. App. 2004) (citing Tex. Code Crim. Proc. Ann. art. 42.01(25)). The court of criminal appeals has further concluded that where neither the parties nor the trial court mention restitution during the sentencing hearing or as **[*5]** part of the oral pronouncement of sentence yet restitution appears in the written judgment, the defendant is entitled to have the order of restitution deleted from the judgment. *Burt v. State*, 445 S.W.3d 752, 757-58 (Tex. Crim. App. 2014) (citing numerous authorities). Here, we understand the State to argue that because the trial court did not include restitution as part of its pronouncement of its adjudication of guilt, no provision of article 42.12 authorized the court to impose restitution later as a term of probation in the trial court's shock probation order. The court of criminal appeals has not reached this issue.

order denying modification of conditions of shock probation); *see also Roberts v. State, No. 04-10-00558-CR, 2010 Tex. App. LEXIS 8940, 2010 WL 4523788 (Tex. App.—San Antonio Nov. 10, 2010, pet. ref'd)* (mem. op., not designated for publication) (dismissing appeal of shock probation); *Thursby v. State, 05-94-01772-CR, 1997 Tex. App. LEXIS 4378, 1997 WL 472310, at \*3 (Tex. App.—Dallas Aug. 20, 1997*, pet. ref'd) (mem. op., not designated for publication) (same). The statute currently permits appeals of an order revoking probation. *See Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b)* (defendant "may appeal the revocation"). Because appellant appeals from an order granting shock probation, we do not have jurisdiction to consider his appeal.

## CONCLUSION

We dismiss this appeal for lack of jurisdiction.

/David Evans/

DAVID EVANS

JUSTICE

Do Not Publish

*Tex. R. App. P. 47*

## JUDGMENT

Based on the Court's opinion of this date, the appeal is dismissed for want **[\*7]** of jurisdiction. Judgment entered this 12th day of May, 2015.