**STATE of Texas ex rel. F. Duncan THOMAS, District Attorney, Hunt County, Applicant,**

v.

**Honorable Paul BANNER, Presiding Judge 345th Judicial District Court, Hunt County, Respondent.**

No. 69658.

Court of Criminal Appeals of Texas, En Banc.

Feb. 11, 1987.

F. Duncan Thomas, Greenville, for applicant.

Cornel W. Walker, Greenville, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Applicant seeks to invoke this Court's original jurisdiction to issue writs of mandamus pursuant to Article 5, Sec. 5 of the Texas Constitution and Art. 4.04, V.A.C. C.P.

On March 24, 1986, George Elva Neal, Jr. plead guilty to four separate felony offenses and was sentenced by respondent to ten years in the Texas Department of Corrections for each offense. The sentences were cumulated by respondent pursuant to Art. 42.08, V.A.C.C.P. The offenses and their respective sentences are as follows:

Cause No. 14,042: Aggravated possession of a controlled substance—amphetamine

Ten years

Cause No. 14,043: Possession of a prohibited weapon

Ten years, sentence to run from the date upon which the sentence in Cause No. 14,042 is completed.

Cause No. 14,094: Possession of a controlled substance—hydromorphone

Ten years, sentence to run from the date upon which the sentence in Cause No. 14,043 is completed.

Cause No. 14,095: Possession of a controlled substance—amphetamine

Ten years, sentence to run from the date upon which the sentence in Cause No. 14,094 is completed.

Neal was transported to the Texas Department of Corrections on April 25, 1986. On October 2, 1986, respondent granted Neal's application for shock probation on

all four of the offenses. Applicant has filed this petition for writ of mandamus complaining that the respondent did not comply with Art. 42.12, Sec. 3e, V.A.C.C.P., when he entered the probation orders in Cause Numbers 14,043, 14,094, and 14,095. If respondent did not comply with Art. 42.12, Sec. 3e, supra, it was his ministerial duty to vacate the orders in question. The order granting shock probation in Cause Number 14,042 is not challenged.

In order to decide whether mandamus is an appropriate remedy in this case, we must apply a two-prong test. First, applicant must demonstrate that he has no other adequate remedy at law. *State ex rel. Millsap v. Lozano*, 692 S.W.2d 470 (Tex.Cr. App.1985). The State's inability to appeal in a criminal case under Tex. Const. art. V, § 26, has been held sufficient to meet this part of the test. *State ex rel. Millsap v. Lozano*, supra at 481.

The second part of the test requires that the relief sought be in the nature of a ministerial act on the part of the respondent as opposed to a discretionary one. *State ex rel. Millsap v. Lozano*, supra; *State ex rel. Wade v. Mays*, 689 S.W.2d 893 (Tex.Cr.App.1985). An example of the latter can be found in *Washington v. McSpadden*, 676 S.W.2d 420 (Tex.Cr.App. 1984), where this Court held that a trial court's decision whether to grant probation was a discretionary act. One example of a ministerial act is given in *State ex rel. Millsap v. Lozano*, supra. In that case a trial court judge entered an order recusing a fellow judge when he had no authority to do so. Because the first trial court judge had no jurisdiction, it was his ministerial duty to vacate the recusal order. Another example of a ministerial act is found in *Homan v. Hughes*, 708 S.W.2d 449 (Tex.Cr. App.1986). In that case the trial court judge entered an order denying defendant permission to appeal from a nunc pro tunc order. The trial court judge had no authority to deny defendant permission to appeal and therefore it was his ministerial duty to vacate this order. The question we must then answer, to decide if the instant case involves a ministerial act, is whether the respondent had the authority to enter the three probation orders. If he did not have the authority it was his ministerial duty to vacate the orders.

█ Respondent signed the original judgments on March 24, 1986 and the orders granting shock probation on October 2, 1986. Respondent had lost jurisdiction over the original judgments thirty days after he signed them. See Texas Code of Criminal Procedure, Chapters 40 and 41, repealed Sept. 1, 1986; see now Texas Rule of Appellate Procedure 31(a)(1). If properly invoked, however, Art. 42.12, Sec. 3e, supra, will extend the respondent's jurisdiction:

> For the purposes of this section, the jurisdiction of a court in which a sentence requiring confinement in the Texas Department of Corrections is imposed for conviction (of a felony) *shall continue for 180 days from the date the execution of the sentence actually begins.* After the expiration of 60 days but prior to the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation under the terms and conditions of this article, if in the opinion of the judge the defendant would not benefit from further incarceration in a penitentiary. [emphasis added].

Thus, a trial court has the jurisdiction to grant shock probation after 60 days but before 180 days from the date the execution of sentence begins.

In order to determine whether the trial court had proper authority to grant shock probation in all four of the sentences, we must determine when each sentence was or would have been executed. In order to address this issue, we may look to Art. 42.08(a), V.A.C.C.P., which provides that when more than one sentence is given to a defendant, the time of execution will differ depending on whether the sentences are cumulative or concurrent:

Except as provided by Section (b) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the *punishment shall begin* when the judgment and sentence in the preceding conviction has *ceased to operate, or* that the punishment shall run *concurrently* with the other case or cases, and sentence and *execution shall be accordingly.* [emphasis supplied.]

Under this statute, punishments may be cumulated or made to run concurrently. The last phrase, "sentence and execution shall be accordingly," implies that the sentence and execution run as do the punishments, to wit: concurrently or cumulatively. Concurrent sentences will be served at the same time, so according to Art. 42.08, supra, their dates of execution are the same if pronounced on the same day. Cumulative, or consecutive, sentences, however, are served seriatim, one after the other. Thus, the date of execution of cumulative sentences will also follow in series, and execution of the second sentence will not begin until the previous judgment and sentence has "ceased to operate."

Since the trial court ordered the sentences in the four cases to be cumulated, execution of the second sentence occurred only when the first judgment and sentence ceased to operate. Also, execution of the third sentence would occur when the second sentence ceased to operate, and so on. Since the trial court had the authority to grant shock probation in the second case only after the first judgment and sentence had ceased to operate, we must ascertain the time that the first sentence was executed, and also the time that the first judgment expired.

Tackling the sentence issue first, we begin our analysis with this Court's decision in *Green v. State,* 706 S.W.2d 653 (Tex.Cr. App.1986). In that case, the trial court assessed the defendant's punishment at ten years imprisonment on conviction for aggravated assault, but ordered the imposition of the sentence suspended and placed the defendant on probation for ten years. The trial court then cumulated a sentence of eight years confinement in prison assessed for another offense with the probation order. Thus, the defendant was to serve the jail time and then be placed on probation. We granted review to decide whether the trial court could cumulate an order of probation with a sentence of imprisonment.

■ Initially, this Court noted that the Legislature did not intend for regular probation to be cumulated under Art. 42.08, supra, because "probation" is not included within the meaning of "punishment" as contemplated by the cumulation statute. Also, Art. 42.08, supra, requires that the punishment assessed include prison or jail time before the discretion to cumulate attaches. Thus, in order for a trial court to cumulate sentences, the sentences must include prison or jail time. Moreover, a judgment granting probation may not be cumulated under Art. 42.08, supra, because a judgment granting probation is not an imposed sentence. *Green,* supra at 657. We held that the trial court's cumulation order was ineffective, and that the term of probation had to run concurrently with the prison sentence. In effect, the defendant would be on probation while serving his prison sentence.

■ The circumstances are different when an order of shock probation is entered. Initially, sentence is imposed, *viz:* the defendant is ordered to serve and does begin serving a term of confinement. Only later is the trial court given the authority to suspend further operation of that sentence and place the defendant on shock probation. The sentence ceases to operate after the last day of confinement when shock probation is granted.

Therefore, in the case at bar, the sentence in the first case ceased to operate after Neal had served approximately 161 days in prison, from April 25, to October 2, 1986, when the trial court granted him shock probation. Interpreting the "sentence cease[s] to operate" wording of Art. 42.08, supra, execution of the second sentence, Cause Number 14,043, will begin when the first sentence (cause #14,042) ceases to operate. In this case, that date is

when the order granting shock probation was granted on October 2, 1986.

As previously stated, our inquiry does not end upon determining when sentence ceases to operate. Article 42.08, supra, states that sentences may be cumulated so that "punishment shall begin when the *judgment and* sentence in the preceding conviction has [1] ceased to operate." [Emphasis added.] Thus, a trial court may cumulate sentences only when *both* the sentence and judgment of the first case have ceased to operate.

■ When a judgment imposing imprisonment, fine or both is entered, it does not "cease to operate" until it is discharged when the defendant serves the term imposed or pays the fine. See Arts. 43.01, 43.07, 43.09, and 43.13, V.A.C.C.P. If a judgment is suspended and the defendant is placed on probation, then the judgment is discharged when the defendant successfully serves out the probated term, or has his probation revoked and serves the sentence imposed. See Art. 42.12, Secs. 7 and 8, V.A.C.C.P.

■ Thus, in the instant case, the judgment entered in the first case will not cease to operate until appellant has served out the ten years probation, or has his probation revoked and serves the sentence therefor imposed.[2]

■ When the dates of execution of both sentence and judgment in the first cause are compared, it is clear that the trial court did not have jurisdiction to enter the orders of shock probation for the subsequent three cases. The *sentence* in the first case ceased to operate on the date the order granting shock probation was entered, October 2, 1986. The *judgment* in the first

case will not cease to operate until appellant has discharged his probation or has his probation revoked and serves the time imposed. Thus, according to Art. 42.08, supra, the trial court will not have jurisdiction to consider shock probation for the second case, Cause No. 14,043, until both sentence and judgment in Cause No. 14,042 have ceased to operate, to-wit: when appellant has successfully completed his probation, or serves out a term imposed pursuant to revocation of his probation.[3]

The trial court granted shock probation in all four cases at the same time, on October 2, 1986. Although such action was authorized in the first case, the trial court granted the subsequent orders of shock probation before jurisdiction to do so had attached. Respondent, therefore, had no authority to grant shock probation in these cases, and the orders purporting to do so were void.

■ Absent proper jurisdiction, it was the trial court's ministerial duty to vacate the orders. Mandamus was therefore properly invoked by applicant.

As long as the cases are in their present posture, applicant is entitled to the relief he seeks under a writ of mandamus. As is customarily done however, we will not issue the writ at this time, but will give the trial judge an opportunity to take action consistent with this opinion. Only if such action is not done will the writ issue.

---

1. To preserve logical and grammatical consistency, we believe that this term should be read to state "have."

2. The actual cumulation orders entered by the trial court in the instant case neither referred to the term "judgment" nor used the term "cease to operate," but rather used the nomenclature "completion" of the "sentences". We express no opinion as to the validity of these orders, since this issue is not before us.

3. That Neal may or may not be eligible for shock probation at the time the second sentence is executed is not relevant to our finding that the trial court will have jurisdiction to consider shock probation at that time. See Art. 42.12, Sec. 3e(a)(2), V.A.C.C.P.