**The STATE of Texas, Appellant**

v.

**Olin Anthony ROBINSON, Appellee**

**NO. PD–0974–15**

Court of Criminal Appeals of Texas.

Delivered: June 29, 2016

Rehearing Denied September 14, 2016

Joseph R. Willie II, Houston, TX, for Appellant.

Jim Vollers, Austin, TX, Lisa C. McMinn, State's Attorney, Austin, for the State.

## OPINION

Newell, J., delivered the opinion of the unanimous Court.

Does a court of appeals have subject-matter jurisdiction to entertain a State's appeal from a trial court's grant of shock probation? If so, does the pendency of that State's appeal deprive the trial court of subject-matter jurisdiction to consider a motion for shock probation after the mandate has issued on that appeal? Yes and no. The State may appeal a grant of shock probation, but that appeal stays the proceedings in the trial court. Given the stay in the proceedings, the trial court's October 21, 2013 order placing Appellee on shock probation is valid. We reverse the judgment of the court of appeals and enter judgment affirming the shock probation order of the trial court.

### Background

The facts in this case were set out by the Thirteenth Court of Appeals in its first of three opinions on this case. *Robinson v. State* (*Robinson I*), 13–10–00064–CR, 13–10–00065–CR, 2011 WL 861152, at *1–2 (Tex.App.—Corpus Christi Mar. 10, 2011) (not designated for publication). Olin Anthony Robinson, and his wife, Floria were tried together for offenses arising out of a traffic stop. Deputy Bobby Doelitsch activated his overhead lights after he observed a vehicle fail to stop completely at a stop sign and fail to properly signal a turn. The vehicle's driver, Floria, did not stop, but continued for three and a half blocks before turning into her own driveway and finally stopping at the back of her house. Floria, ignoring the deputy's request that she remain in the truck, exited the pickup, and tried to reach its bed. The deputy

lowered the top of the bed cover on Floria's hand to stop her. She then interfered with the deputy's efforts to keep Appellee inside the truck. Deputy Doelitsch arrested Floria, which prompted Appellee to punch him.

The couple were tried together. The jury found Floria guilty of evading arrest or detention with a vehicle and imposed punishment of two years' confinement. The jury also found Appellee guilty of the third-degree felony offense of assault on a public servant and imposed punishment of four years' imprisonment. Both convictions were upheld on appeal. The court rejected Appellee's sole issue—that the trial court erred in denying his motion to suppress evidence because he had been illegally detained. The court held that, even if Appellee's initial detention was unlawful, evidence of his subsequent assault on Deputy Doelitsch was not subject to suppression under the exclusionary rule. *Id.* at *6.

Mandate issued on December 20, 2011. Eight days later, on December 28, 2011, Appellee began serving his sentence, and, that same day, filed a motion for continuing jurisdiction community supervision ("shock probation"). Thirty-seven days later, on February 2, 2012, the trial court entered its order granting Appellee shock probation for four years. The State filed a notice of appeal on February 14, 2012; this was forty-nine days after Appellee began serving his sentence. On its review of the State's appeal, the court of appeals first recognized its jurisdiction to hear the appeal and then held that the trial court erred in granting Appellee's motion for shock probation without holding a hearing. *State v. Robinson (Robinson II)*, 13–12–00121–CR, 2013 WL 1188101, at *1–2 (Tex. App.—Corpus Christi Mar. 21, 2013) (not designated for publication). TEX.CRIM. PROC.CODE art. 42.12, § 6(c) ("The judge may deny the motion without a hearing but may not grant the motion without holding a hearing and providing the attorney representing the state and the defendant the opportunity to present evidence on the motion."). The court of appeals reversed the February 2, 2012 judgment of the trial court and remanded the case to the trial court for proceedings consistent with its opinion. Mandate issued on August 13, 2013.

On October 21, 2013—sixty-two days after mandate on *Robinson II* issued—the trial court held a Section 6(c) hearing on Appellee's motion for shock probation. The trial court also heard the State's motion to dismiss that motion. The State argued that the trial court lacked jurisdiction to grant the motion because more than 180 days had elapsed since the execution of Appellee's sentence began on December 28, 2011. TEX.CRIM. PROC.CODE art. 42.12, § 6(a) ("the jurisdiction of a court imposing a sentence requiring imprisonment in the Texas Department of Criminal Justice for an offense other than a state jail felony continues for 180 days from the date the execution of the sentence actually begins"). The State also put on witnesses-including original jurors, the county sheriff, and the deputy county sheriff-to say that they wanted the trial court to impose the four-year sentence. But none knew of any "untoward conduct" of Appellee since he had been sentenced.

Appellee argued that, because the court of appeals, in *Robinson II*, reversed the February 2, 2012 judgment and remanded to the trial court for further proceedings, Appellee was placed in the same posture as if a new hearing had been granted by the trial court:

The gravamen of [the prosecutor's] action is that more than 180 days have elapsed since the time he started serving his sentence, but as this Court well

knows once an appeal is filed, all of that is held in abeyance until the mandate is received back and once that mandate was received back and the instructions of the Court, pursuant to Texas Rules of Appellate Procedure 43.2(d), the Court specifically said that when a Court of Appeals reverses and remands a case to the trial court without instructions to render a specific judgment, the effect is to restore the parties to the same situation as they were before the appeal.

The trial court agreed, again granted Appellee's motion, and again placed him on shock probation for a period of four years.

Let me just say one thing, when I initially granted the shock probation in this case, I erred, evidently, in the opinion of the Court of Appeals in not affording the State an opportunity to argue and the State appealed that and got me reversed, which is fine. That's why we have the Court of Appeals, but it seems to me it would be an absurd result if, because the State appealed and during that whole time period we were unable to have a hearing because it was on appeal, it would seem to me to be an absurd result that because the State appealed the Defendant has lost a remedy that the Code of Criminal Procedure provides for and that is to at least ask for the shock probation. And so we're back to where we were, I believe the date was February the 2nd, of 2012, after the mandate of the first appeal had come back. And it is still my opinion that Mr. Robinson should be placed on

shock probation and the motion is granted and I'm signing an order today that will track the language of the order that I signed back in February of 2012.

On the State's appeal from that second order, the court of appeals again recognized its jurisdiction to hear the appeal and held that the trial court did not have the jurisdiction to enter the order granting shock probation after remand. *State v. Robinson* (*Robinson III*), No. 13–13–00571–CR, 2014 WL 4401523 (Tex.App.—Corpus Christi Aug. 26, 2014) (not designated for publication). The court of appeals held that the trial's court order placing Appellee on shock probation was void and vacated that order and dismissed the cause. We granted review to look at the two jurisdictional questions.[1]

### *The Appellate Court Had Subject Matter Jurisdiction to Hear the State's Appeal of the Trial Court Order Modifying the Judgment*

 Jurisdiction concerns the power of a court to hear and determine a case. Appellate jurisdiction is invoked by giving notice of appeal. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App.2000). The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex.Crim.App.2008). When the Texas Legislature adopted Article 44.01, it made clear its intent to afford the State the same appellate powers afforded the

---

1. We granted review of three questions: 1) The court of appeals erred in reversing the order of the trial court on the basis that the trial court lacked jurisdiction to enter the order of "shock probation" after remand from the court of appeals; 2) The court of appeals erred in reversing the trial court's order on the basis that the trial court lacked subject-matter jurisdiction over the Appellee's motion for "shock probation" after remand;

and 3) The court of appeals did not have the subject-matter jurisdiction to entertain a direct appeal from a trial court granting continuing jurisdiction community supervision. We need not address the third issue because we hold that the court of appeals erred in reversing the trial court's order on the basis that the trial court lacked subject-matter jurisdiction over the motion for "shock probation" after remand.

federal government under 18 U.S.C. § 3731. *Riewe*, 13 S.W.3d at 410. The federal statute provides, in relevant part, as follows: "An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release." 18 U.S.C. § 3731. Although a few states apply such statutes narrowly, the vast majority of states construe their state's-right-to-appeal statutes broadly. *State v. Medrano*, 67 S.W.3d 892, 899 (Tex. Crim.App.2002). Texas is in that majority. By statute, the State may appeal from an order that "arrests or modifies a judgment." Tex.Code Crim. Proc. art. 44.01(a)(2). As pointed out by Professors Dix and Schmoleskey, "The Code of Criminal Procedure does not make clear what is meant by an order that 'modifies a judgment.'" George E. Dix & John M. Schmoleskey, 43B Texas Practice: Criminal Practice and Procedure § 56:114 (3rd ed.2011).

We have held that Article 44.01(a)(2) "clearly allows" a State's appeal from "an order that reduces a defendant's sentence, and that is signed after the trial court's plenary jurisdiction has expired." *State v. Gutierrez*, 129 S.W.3d 113, 114 (Tex.Crim. App.2004). In doing so, we remarked that the "plain" language of Article 44.01(a)(2), is unambiguous, and it authorizes the State to appeal a trial court's order that modifies its previous judgment regardless of the legal grounds for the appeal. *Id.* at 115. We went on to hold, in *Collins v. State*, 240 S.W.3d 925 (Tex.Crim.App.2007), that an order that modifies the amount of back-time received by a defendant via an im-

properly granted judgment nunc pro tunc may be appealed by the State. We recognized that Article 42.01, § 1(18), of the Texas Code of Criminal Procedure includes "credit for time served" as an element of the judgment. *Id.* at 928. That same logic applies here. Article 42.01 § 1(10), includes "the length of community supervision, and the conditions of community supervision" as an element of the judgment. Granting "shock probation" substantively modifies a judgment just as surely as adjusting the amount of back-time credit does.

Although we have not expressly addressed whether an order granting "shock probation" is one that modifies a judgment, several of the intermediate courts have, and we have agreed, albeit in passing. *State v. Dunbar*, 269 S.W.3d 693, 695 (Tex.App.—Beaumont 2008) (allowing State's challenge to trial court's authority to place a defendant previously adjudicated guilty of a "3g" offense on shock probation), *aff'd*, 297 S.W.3d 777 (Tex.Crim.App. 2009) (recognizing that the State's complaint in the court of appeals—that no source of jurisdiction authorized the trial court's order placing Dunbar on shock community supervision—was truly jurisdictional and so could properly be raised for the first time in that court); *State v. Posey*, 300 S.W.3d 23, 26 (Tex.App.—Texarkana 2009) (concluding that the State possesses the right to appeal the trial court's order granting shock probation under Article 44.01(a)(2), relating to the arrest or modification of judgment), *aff'd*, 330 S.W.3d 311 (Tex.Crim.App.2011) (defendant convicted of vehicular homicide with deadly-weapon finding and for whom jury recommended regular community supervision was not eligible for shock probation).[2] But in this case, the issue is

---

2. *See also State v. Smith*, 762 S.W.2d 235 (Tex.App.—Houston [1st Dist.] 1988) (jurisdiction to hear State's appeal of grant of motion for shock probation is derived from Article

squarely before us. We hold that the State may appeal an order that modifies a judgment by imposing shock probation.

### The Trial Court Had Subject–Matter Jurisdiction to Grant Shock Probation Because the State's Appeal Stayed the Proceedings

After the trial court imposes a sentence in open court and adjourns for the day, it loses plenary power to modify the sentence unless, within thirty days, the defendant files a motion for new trial or a motion in arrest of judgment. Tex.R.App. P. 21.4, 22.3; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex.Crim.App.2005). The Texas Constitution allows trial courts to suspend the "execution of sentence and to place the defendant on probation and to reimpose such sentence, under such conditions as the Legislature may prescribe." Tex. Const. art. IV, § 11A. Article 42.12's purpose is "to place wholly within the state courts the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of community supervision, and the supervision of defendants placed on community supervision, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas." Tex.Code Crim. Proc. art. 42.12 § 1. When a trial court grants shock probation under the provisions of Article 42.12 § 6(a), it suspends the execution, rather than the imposition, of the sentence. *O'Hara v. State*, 626 S.W.2d 32, 35 (Tex.Crim.App. 1981). The defendant actually serves part of the sentence. The convicting court may then suspend the execution of the rest of the sentence. *Id.* For purposes of suspending further imposition of sentence and placing the defendant on shock probation,

the jurisdiction of the trial court continues for "180 days from the date the execution of the sentence actually begins." Tex. Crim. Proc.Code art. 42.12 § 6(a).

Execution of sentence begins upon the defendant's incarceration. *Bailey v. State*, 160 S.W.3d 11, 14 n. 2 (Tex. Crim.App.2004). Because the trial court's jurisdiction to grant shock probation continues for only 180 days from the date the execution of the sentence actually begins, any action taken by the trial court after the 180th day is void and subject to mandamus. *State ex rel. Bryan v. McDonald*, 642 S.W.2d 492, 493–94 (Tex.Crim.App. 1982) ("once the 180th day passed, all discretion was removed .... respondent lost all of his discretionary authority and any decision on Dockery's motion was purely ministerial. The respondent entered a void order granting shock probation when he had no authority to do so. Under these circumstances, mandamus is available").

The court of appeals here cited *Bryan,* noted that Appellee failed to address the clear language of art. 42.12, § 6, and found the trial court's order void.

It is undisputed that execution of Robinson's sentence began on December 28, 2011. Robinson's sworn motion for shock probation states that he began serving his sentence on December 28, 2011. The October 31, 2013 order which purports to grant Robinson shock probation was issued well outside the statutory 180–day period after Robinson began serving his sentence on December 28, 2011. Therefore, the trial court was without jurisdiction to issue the October 31, 2013 order, and the order is therefore void.

44.01(b), which allows the State to appeal a sentence on the ground that it is illegal), *rev'd, Smith v. State,* 789 S.W.2d 590 (Tex.Crim. App.1990) (holding, on State's PDR, that a

trial court cannot grant 'shock probation' when the defendant has never served any of his sentence in the TDC).

*Robinson III*, 2014 WL 4401523, at *2. Under the plain language of Article 42.12 § 6(c) the court of appeals is exactly right. But, as pointed out by the trial court, application of that plain language leads to an absurd result that the Legislature could not have possibly intended.

When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). In so doing, we focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. *Id.* If the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning. *Id.* But a reviewing court can look beyond the text and consult extra-textual sources if the statute's plain language is ambiguous or would lead to absurd results that the Legislature could not have possibly intended. *Basden v. State*, 897 S.W.2d 319 (Tex. Crim.App.1995); *Cannady v. State*, 11 S.W.3d 205 (Tex.Crim.App.2000).

As the State notes, the interpretation and history of Article 42.12 § 6 was examined and commented upon in *State ex rel. Bryan v. McDonald*. There, on a State's application for writ of mandamus, we found that the trial court lacked jurisdiction to grant a defendant's motion for shock probation that was granted a mere five days after the end of the 180–day period of extended jurisdiction even though the delay was in no part the fault of the defendant. 642 S.W.2d at 493. We cited a trio of cases holding that the jurisdictional period is not subject to any exception or grace period to hold that any action taken by the trial court after the 180th day is void because the court is acting without jurisdiction.[3]

Judge Clinton, in a concurring opinion, noted that the Legislature had demurred when given ample opportunity to grant relief from "untoward consequences" of the unambiguous statutory language. *Id.* at 495 (Clinton, J., concurring). Judge Teague, in a dissent, took issue with the majority's literal construction of the statute because it led to an unjust result. He argued that the Court ought to look at how the federal courts allowed for the reduction of time served on an imposed sentence even after the time limit has expired because the motion for reduction of sentence had been filed within the time limit and the delay in granting the sentence reduction by the trial court was reasonable. *Id.* at 496–97 (Teague, J., dissenting) ("I do not believe in this instance a literal reading and interpretation of the Texas' shock probation statute is either proper or necessary.").

The State notes that, since *Bryan*, courts have continued to hold that when a

---

3. *See Tamez v. State*, 620 S.W.2d 586 (Tex. Crim.App.1981) (panel op.) (holding, on defendant's appeal from revocation of probation, that trial court acted without jurisdiction when it granted shock probation six days after the end of the 120–day period then provided for jurisdiction of the trial court to act); *Adams v. State*, 610 S.W.2d 780 (Tex.Crim. App.1981) (panel op.) (holding, on defendant's appeal from revocation of probation, that trial court acted without jurisdiction when it granted shock probation thirteen days

after the end of the 120–day period then provided for jurisdiction of the trial court to act); *Houlihan v. State*, 579 S.W.2d 213 (Tex.Crim. App.1979) (holding, on defendant's appeal from order denying shock probation, that the trial court had lost jurisdiction before it denied relief on erroneous grounds; "the forum to petition for redress for relief from untoward consequences of clear meaning of unambiguous statutory language is the Legislature that enacted it").

person begins serving the sentence, the 180–day period begins to run in one continuous period and expires at the end of 180 days, at which time a trial court no longer has jurisdiction to act. But none of the "untoward consequences" at issue in the *State ex rel. Bryan v. McDonald* line of cases were precipitated by a State's direct appeal. These cases were all decided before the Legislature adopted Article 44.01 in 1987. Before 1987, the Texas Constitution provided "that the State has no right to appeal in a criminal case, making Texas the only state that bans all prosecution appeals." *State v. Moreno*, 807 S.W.2d 327, 329 n. 3 (Tex.Crim.App. 1991) (quoting the "Background" provision contained within the Bill Analysis to Senate Bill 762). As noted above, Article 44.01 allows the State "to appeal an order of a court in a criminal case if the order ... arrests or modifies a judgment...." Tex.Crim. Proc.Code art. 44.01(a)(2). And under Article 44.01(e), "The state is entitled to a stay in the proceedings pending the disposition of an appeal under Subsection (a)." When the State seeks to exercise its right to appeal an order modifying an existing judgment, the trial court is deprived of jurisdiction over the case during the pendency of such an appeal, and the court would be unable to modify or alter its ruling during that period. *See Kirk v. State*, 454 S.W.3d 511, 516 (Tex. Crim.App.2015) (Alcala, J., concurring) (citing Tex.R.App. P. 25.2(g)-providing that once the record has been filed in appellate court, "all further proceedings in the trial court ... will be suspended until the trial court receives the appellate-court mandate."). The trial court is then bound by the appellate court's subsequent ruling on the merits of the appeal. *Id.*

When the State appealed the trial court's grant of shock probation, that stayed the proceedings until the appeal was resolved. The timeline for the trial court to grant shock probation started on December 28, 2011, when Appellee began serving his sentence, and ran through February 14, 2012, when the State filed its notice of appeal. It was then stayed until the appellate court's first mandate issued on August 19, 2013, at which point it began running again. Therefore, only 111 days had passed when the trial court granted Appellee shock probation on October 21, 2013, which was well within the court's 180–day deadline.

Applying Article 42.12 § 6, without harmonizing that statute with Article 44.01(e), could prevent a defendant from ever receiving shock probation because the State could simply appeal whenever a trial court grants it. And then, regardless of the State's points of error, by the time the appeal was resolved it would be too late for the trial court to grant shock probation. That, as the trial court put it, would be an absurd result. We reverse the judgment of the court of appeals and enter judgment affirming the shock probation order of the trial court.

Richardson, J., filed a concurring opinion in which Johnson, J., joined.

## CONCURRING OPINION

Richardson, J., filed a concurring opinion in which Johnson, J. joined.

I agree with the majority's decision to reverse the judgment of the court of appeals and affirm the October 21, 2013 trial court order granting shock probation to the appellee.[1] The trial court had jurisdiction to issue its October 21, 2013 order because the time limitation for granting

---

1. The terms "shock probation" and "shock community supervision" mean the same and are used interchangeably.

shock probation was tolled while the State's complaints regarding the first order granting shock probation (issued on February 2, 2012), were resolved by the appellate court.[2] I agree that to hold otherwise would produce an absurd result. I write separately to address the majority's holding that the State has the right to appeal a trial court's order granting shock probation. I agree that the State should have a remedy if the trial court grants shock probation in violation of a statute, such as in this case when the trial court judge failed to hold a hearing in contravention of Texas Code of Criminal Procedure Article 42.12, section 6(c).[3]

### But, wouldn't mandamus be the proper remedy?

At first blush, mandamus would appear to be the proper vehicle for the State to challenge a statutorily unauthorized (i.e.,

void) order granting shock probation, such as the one in this case.[4] This is because the act sought to be compelled—vacating a void order—is purely ministerial, as opposed to discretionary or judicial in nature.[5] Although a court's decision whether to grant probation is a discretionary act,[6] a trial court judge exceeds his statutory authority if he grants shock probation without holding a hearing. Thus, vacating such an order would be considered ministerial. But, as discussed more fully herein, because challenges to orders granting shock probation *have* been entertained on appeal, it would seem that the second requirement to seeking a mandamus—that there be no other available adequate remedy at law—cannot be met under these circumstances.[7]

Nevertheless, in the past, this Court has taken the position that mandamus is the

2. *State v. Robinson,* No. 13–12–00121–CR, 2013 WL 1188101, at *1–2 (Tex.App.—Corpus Christi/Edinburg Mar. 21, 2013) (mem. op., not designated for publication). The trial court erred by first granting appellee's motion for shock probation without holding a hearing. TEX.CODE CRIM. PROC. art. 42.12 § 6(c) ("The judge may deny the motion without a hearing but may not grant the motion without holding a hearing and providing the attorney representing the State and the defendant the opportunity to present evidence on the motion.").

3. Consistent with other cases cited herein, I also agree that both the State and the defendant should have an appellate remedy when a trial court grants or denies shock probation to a defendant based solely on an erroneous determination of that defendant's eligibility for shock probation.

4. To establish entitlement to mandamus relief, a relator must satisfy two requirements: 1) there must be no adequate remedy at law to redress his alleged harm; and 2) the act sought to be compelled is purely ministerial. *State ex rel. Hill v. C.A. for the Fifth Dist.,* 34 S.W.3d 924, 927 (Tex.Crim.App.2001); *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex. Crim.App.1992) (orig. proceeding).

5. "The essential question in deciding if an act is ministerial 'is whether the respondent had the authority' to do what is the subject of the complaint." *Stearnes v. Clinton,* 780 S.W.2d 216, 219 (Tex.Crim.App.1989) (quoting *State ex rel. Thomas v. Banner,* 724 S.W.2d 81, 83 (Tex.Crim.App.1987)); *see also Smith v. Gohmert,* 962 S.W.2d 590, 593 (Tex.Crim.App. 1998).

6. *State ex rel. Thomas,* 724 S.W.2d at 83 (citing to *Washington v. McSpadden,* 676 S.W.2d 420, 422 (Tex.Crim.App.1984)).

7. The two avenues for relief—direct appeal and mandamus—are mutually exclusive. In *In re State ex rel. De Leon,* the State sought mandamus relief requesting that the Thirteenth Court of Appeals direct the trial court to vacate its order granting the motion for shock community supervision since the trial court did not have the authority to order community supervision. 89 S.W.3d 195 (Tex. App.—Corpus Christi/Edinburg 2002, orig. proceeding). The Thirteenth Court concluded that the State could have appealed the order granting the defendant's motion for shock community supervision under Article 44.01(a)(2)'s provision relating to the arrest or modification of a judgment. Thus, because

proper remedy when a court erroneously grants shock probation. In *State ex rel. Vance v. Hatten*,[8] this Court examined the State's challenge to the trial judge's order granting shock probation. The defendant had been found guilty of involuntary manslaughter and assessed ten years in prison. Within the authorized time period, the trial court granted the defendant shock probation. In its request for mandamus relief, the State claimed the judge did not have the authority to grant the defendant shock probation because the defendant was not eligible. This Court held that the trial court exceeded the scope of its authority in granting the defendant shock probation and that "mandamus is the proper relief to set aside an improper order."[9] The Court conditionally granted mandamus relief, concluding that, "according to the clear and unambiguous language of the statute, the respondent was without authority to grant 'shock probation' pursuant to Article 42.12, sec. 3e, to defendant Norris, convicted of criminal homicide. Accordingly, such order is void."[10] In *State ex rel. Bryan v. McDonald*,[11] this Court recognized that mandamus would be the State's remedy in a situation where a trial court entered an order granting shock probation without authority to do so. The State filed an application for writ of mandamus to declare void an order granting shock probation that was entered more than 180 days after the defendant began serving his sentence. This Court agreed that the trial court's order was void, holding that, once the 180 days had passed, all discretion was removed and any decision on the motion for shock probation by the court was purely ministerial. "Under these circumstances, mandamus is available to correct the [trial court judge's] failure to follow the dictates of Article 42.12, Section 3e(a)."[12] In *State ex rel. Thomas v. Banner*,[13] the trial court judge granted the defendant shock probation on four convictions. The State contested the judge's statutory authority to do so and requested mandamus relief. A unanimous Court held that the statute did not vest the trial judge with the authority to grant the defendant shock probation. Consequently "it was his ministerial duty to vacate the orders."[14] After the Court found that the State did not have an adequate remedy at law, it conditionally granted mandamus relief.[15]

Intermediate appellate courts have also come to the conclusion that the State has no right to appeal an order granting shock probation. In *Perez v. State*,[16] the Third Court of Appeals considered the procedural question of whether an appeal lies from an order granting shock probation. Considering this a "question of first impression," the court of appeals looked to two Court of Criminal Appeals opinions discussing the right to appeal "from analogous orders:"

the State had an adequate remedy at law, it was not entitled to mandamus relief. *Id.* at 196.

8. 600 S.W.2d 828 (Tex.Crim.App.1980).

9. *Id.* at 830 (first citing *State ex rel. Wilson v. Harris*, 555 S.W.2d 470 (Tex.Crim.App.1977); then citing *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Crim.App.1978), and then citing *Thomas v. Stevenson*, 561 S.W.2d 845 (Tex.Crim.App.1978)).

10. *Id.* at 831.

11. 642 S.W.2d 492 (Tex.Crim.App.1982).

12. *Id.* at 494.

13. 724 S.W.2d at 83.

14. *Id.*

15. *Id.* at 85.

16. 938 S.W.2d 761 (Tex.App.—Austin 1997, pet. ref'd).

In *Basaldua v. State*, 558 S.W.2d 2 (Tex. Crim.App.1977), the defendant sought to appeal from a trial court order refusing to modify the conditions of his probation. The Court of Criminal Appeals, after a thorough discussion, held that there was no constitutional or statutory authority permitting a direct appeal from an order modifying or refusing to modify probationary conditions. *Id.* at 5. In *Houlihan v. State*, 579 S.W.2d 213 (Tex.Crim. App.1979), the defendant sought to appeal from a trial court order overruling a motion to place him on shock probation. The Court of Criminal Appeals again held that it was without appellate jurisdiction because neither article 42.12 nor any other statute authorized a direct appeal from such an order. *Id* at 215–16.

We believe that the reasoning set forth in *Basaldua* and *Houlihan* applies with equal force to the instant appeal. Just as there is no statutory authority for an appeal from an order *refusing* shock probation, neither is there authority for an appeal from an order *granting* shock probation. Accordingly, we conclude that this Court lacks authority to entertain a direct appeal from the district court's order placing appellant on shock probation.[17]

In *Pippin v. State*,[18] the Seventh Court of Appeals followed *Perez* and held that the court of appeals lacked jurisdiction to review an order granting shock probation. Other appellate courts have similarly held that they lacked jurisdiction to entertain such appeals.[19] And, as recently as last year, in *Parker v. State*,[20] the First Court of Appeals followed *Perez* and *Pippin* in holding that "there is no right of appeal from a trial court's order granting shock probation."

### Yet, Orders Granting Shock Probation Have Been Reviewed On Appeal.

This Court has entertained State appeals from orders granting shock probation without mentioning any jurisdictional issue. In *Smith v. State*,[21] the State appealed from an order granting defendant's motion for shock probation, claiming that appellant had never served any of his sentence in TDCJ. The appellate court affirmed the order granting shock probation, and the State petitioned this Court for review. This Court reversed the appellate court's judgment, holding that, because the defendant had not served some portion of his sentence in TDCJ, as required by law, he was "statutorily ineligible" for shock probation.[22] In *State v. Dunbar*,[23] the Ninth Court of Appeals in Beaumont entertained the State's appeal of the trial court's order granting shock probation,

---

**17.** *Id.* at 762–63 (emphasis in original).

**18.** 271 S.W.3d 861, 863–64 (Tex.App.—Amarillo 2008, no pet.) (citing *Perez*, 938 S.W.3d at 762).

**19.** *See Roberts v. State*, No. 04–10–00558–CR, 2010 WL 4523788, *1 (Tex.App.—San Antonio 2010, pet ref'd) (citing to *Perez*, the court held that it has no jurisdiction over Roberts' appeal of the terms and conditions of his shock probation); *Davalos v. State*, No. 14–02–00440–CR, 2003 WL 253305, *1 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (dismissing the appeal for want of jurisdiction, holding that the court of appeals had no

jurisdiction to review a discretionary, "nonreviewable" decision by the trial court.).

**20.** No. 01–15–00334–CR, 2015 WL 5297526, *1 (Tex.App.—Houston [1st Dist.] 2015, no pet.) (first citing *Pippin*, 271 S.W.3d at 863–64, and then citing *Perez*, 938 S.W.2d at 762–63).

**21.** 789 S.W.2d 590 (Tex.Crim.App.1990).

**22.** *Id.* at 592.

**23.** 269 S.W.3d 693 (Tex.App.—Beaumont 2008), *aff'd,* 297 S.W.3d 777 (Tex.Crim.App. 2009).

complaining that because Dunbar was ineligible for regular community supervision, he was ineligible for shock community supervision. Dunbar responded that the State had not objected at the time and thus failed to preserve error. In holding that the State could raise this issue for the first time on appeal, the court of appeals acknowledged the State's right to appeal, noting that "[t]he State has appealed an order that 'arrests or modifies a judgment.'" [24] Without addressing the issue of the State's right to appeal, this Court affirmed the appellate court's decision, holding that the State could raise the trial court's lack of authority to grant shock probation for the first time on direct appeal because such lack of authority was a trial court jurisdictional issue.[25] Even though in *Dunbar* the issue was whether the State had failed to preserve its right to complain on appeal, not whether the State even had the right to appeal in the first place, logically, by holding that the State had preserved its right of appeal, this Court tacitly recognized that the State had the right to appeal.

The issue in *State v. Posey* [26] also involved whether the trial judge exceeded his statutory authority by granting shock probation. Again, without addressing the State's right to appeal, this Court agreed with the State that the trial court judge did not have the authority to grant shock community supervision because the defendant was not eligible for judge-ordered community supervision. As in *Dunbar,* although the jurisdictional issue was not addressed by this Court, it was addressed by the appellate court. Citing to the court of appeals's decision in *Dunbar,* the Sixth Court of Appeals in *Posey* resolved the issue in favor of the State's right to appeal by holding that the State possessed the right to appeal the trial court's order granting shock community supervision pursuant to Article 44.01(a)(2), relating to the arrest or modification of a judgment.[27] By affirming the court of appeals' decision in *Posey,* this Court again, by implication, recognized the State's right to appeal an order granting shock probation under Article 44.01(a)(2). Therefore, while it may seem axiomatic that a decision whether to grant shock probation is "wholly discretionary and nonreviewable," [28] this Court has indeed reviewed such decisions.

### So, where does that leave us?

I am concerned that the Court's decision today—that the State can appeal an order granting shock probation under Article 44.01(a)(2)—would seem to open up the State's right to appeal *all* decisions granting shock probation, even discretionary and "nonreviewable" ones. There has been little explanation among the various court opinions as to why there has been such inconsistency over the years.

Today's opinion answers the question whether the State has the right to appeal

---

**24.** *Id.* at 695. Article 44.01(a)(2) permits the State to appeal an order of a court in a criminal case if the order "arrests or modifies a judgment."

**25.** *State v. Dunbar,* 297 S.W.3d 777, 781 (Tex. Crim.App.2009).

**26.** 330 S.W.3d 311 (Tex.Crim.App.2011).

**27.** *State v. Posey,* 300 S.W.3d 23, 26 (Tex. App.—Texarkana 2009), *aff'd,* 330 S.W.3d 311 (Tex.Crim.App.2011).

**28.** *Speth v. State,* 6 S.W.3d 530, 533 (Tex. Crim.App.1999) (first citing *Flournoy v. State,* 589 S.W.2d 705, 707 (Tex.Crim.App.1979), and then citing *Burns v. State,* 561 S.W.2d 516, 517 (Tex.Crim.App.1978)) ("[C]ourt's discretion to deny or grant community supervision to eligible defendant if jury waived or jury not elected to determine punishment is absolute and unreviewable.") (quoting *Flores v. State,* 904 S.W.2d 129, 130 (Tex.Crim.App. 1995)).

an order granting shock probation—it does. But there is no indication that the rule regarding the reviewability of a trial court's discretionary order regarding shock probation has changed. Thus, the reality seems obvious. A State's challenge on appeal to a trial court's order granting shock probation is doomed to fail, unless the State can show that the trial court was without jurisdiction to enter such an order, or if the trial court exceeded its statutory authority—such as, by not holding a hearing (as in this case), or if shock probation was granted to someone not eligible to receive it.

With these comments, I join the majority.