**Opinion filed January 9, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00372-CR

_____

## KYDRICK MARQUELL REED, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR52408**

## M E M O R A N D U M   O P I N I O N

Appellant, Kydrick Marquell Reed, has filed an untimely pro se notice of appeal from a judgment of conviction for the offense of manufacture or delivery of a substance in Penalty Group 1. The trial court assessed Appellant's punishment at confinement for ten years. We dismiss the appeal.

The documents on file in this appeal indicate that Appellant's sentence was imposed on May 28, 2019, and that his notice of appeal was filed in the district

clerk's office on November 27, 2019. When the appeal was filed in this court, we notified Appellant that his notice of appeal was not timely. We requested that Appellant respond to our letter and show grounds to continue. Both Appellant and his court-appointed attorney have filed a response, but neither have shown grounds upon which this appeal may continue.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court 183 days after the sentence was imposed in open court. The notice of appeal was therefore untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Both Appellant and his appellate attorney seem to indicate that this court has jurisdiction because Appellant had timely filed a motion to impose community supervision or "shock probation," which the trial court apparently did not grant. Counsel suggests that, because an order granting shock probation is an appealable order, *see State v. Robinson*, 498 S.W.3d 914, 918 (Tex. Crim. App. 2016), "an order denying 'shock probation' could also be an appealable order." However, even if an order denying shock probation had been entered, that order would not be an appealable order and would not extend the deadline for Appellant to appeal his conviction. *See Dodson v. State*, 988 S.W.2d 833, 834 (Tex. App.—San Antonio

1999, no pet.) (citing *Houlihan v. State*, 579 S.W.2d 213, 215–16 (Tex. Crim. App. 1979)). We conclude that we have no jurisdiction to entertain this appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

January 9, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.