

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00190-CR

_____

THE STATE OF TEXAS, Appellant

V.

RYAN WAYNE TEDFORD

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. DC78-CR2023-0188-1

Before Kerr, Bassel, and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

The trial court found 28-year-old Appellee Ryan Wayne Tedford guilty of four third-degree felonies and two state-jail felonies and sentenced him to a mix of consecutive and concurrent confinement periods[1] but later ordered shock probation to be served concurrently for all six counts. *See Smith v. State*, 559 S.W.3d 527, 533 (Tex. Crim. App. 2018) ("[A] grant of shock probation is an order that suspends the execution of a previously[]pronounced sentence by placing the defendant on community supervision.").

In a single appellate point, the State argues that the trial court's shock-probation orders on counts 2, 5, and 6 are void. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(2) (providing that the State may appeal from an order in a criminal case that "arrests or modifies a judgment"); *State v. Robinson*, 498 S.W.3d 914, 919 (Tex. Crim. App. 2016) ("[T]he State may appeal an order that modifies a judgment by imposing

---

[1]The trial court assessed 5 years' confinement for each third-degree felony (counts 1–4), and 2 years' confinement for each state-jail felony (counts 5–6). *See* Tex. Penal Code Ann. § 12.34 (stating third-degree felony punishment is 2 to 10 years' confinement and up to a $10,000 fine), § 12.35 (stating state-jail felony punishment is 180 days to 2 years' confinement and up to a $10,000 fine). The trial court ordered the sentences for counts 1, 3, and 4 to be served concurrently but ordered the sentence for count 2 to run consecutively to count 1, the sentence for count 5 to run consecutively to count 2, and the sentence for count 6 to run consecutively to count 5, for a total of 14 years' confinement.

shock probation."). In light of the record before us, we sustain the State's point and vacate the shock-probation orders on counts 2, 5, and 6.

## II. Background

Tedford surreptitiously recorded a juvenile[2] in the shower and then attempted to destroy the recordings.

### A. Tedford's offenses and plea hearing

The State charged Tedford with six counts arising from the recording incidents, and he entered open pleas of guilty—that is, guilty pleas with no charge or sentencing bargains involved—to counts 1 and 2 (possessing child pornography), counts 3 and 4 (tampering with physical evidence), and counts 5 and 6 (invasive visual recording). *See* Tex. Penal Code Ann. § 21.15(b)–(c) (defining invasive visual recording, a state-jail felony), § 37.09(c), (d)(1) (defining tampering with physical evidence, a third-degree felony), § 43.26(a) (defining possession of child pornography, a third-degree felony). During his plea hearing, Tedford acknowledged that his offenses could be subject to consecutive sentencing. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a).

The trial court announced that it would defer finding guilt until sentencing. Before the sentencing hearing, Tedford filed a motion to defer adjudication in favor

---

[2]To protect the juvenile's privacy, we will not delve into facts that could reveal the juvenile's identity.

3

of community supervision.[3] *See id.* art. 42A.101(a) (allowing a trial court to place a defendant on deferred-adjudication community supervision if it serves "the best interest of society and the defendant").

**B. Tedford's sentencing**

At the sentencing hearing, Tedford testified in support of his deferred-adjudication motion and presented several witnesses, including a licensed sex-offender-treatment provider, who testified that Tedford was a low-risk offender and a good candidate for sex-offender treatment on community supervision. The juvenile complainant testified as a rebuttal witness.

The trial court denied Tedford's motion, found him guilty, and sentenced him for each count, ordering a combination of consecutive and concurrent sentences, stating,

> For the two counts of child pornography [counts 1 and 2], the third-degree felonies in which the punishment range was two to ten, I'm going to . . . sentence him to five years for each of those charges.
>
> For the invasive visual recording [counts 5 and 6], which are State jail felonies where the range is 180 days to two years, I think that's, to me, the worst of the offenses that's in there. . . . I'm going to give him the full two years on those counts.
>
> All of those sentences, the two, two, five, and five[,] will run consecutive, so that's 14 years.

---

[3]If the offenses had occurred after September 1, 2023, Tedford would not have been eligible for community supervision on the child-pornography counts. *See* Act of May 24, 2023, 88th Leg., R.S., ch. 1115, §§ 1, 4–5 (current version at Tex. Code Crim. Proc. Ann. art. 42A.054).

The t[a]mpering charges [counts 3 and 4], I'll . . . sentence him to five on each of those, but those are to run concurrently with the others. So it will be, essentially, a 14-year sentence in total.

I will say that this is the kind of case that I would -- *if* the defendant's behavior, when he gets to TDCJ and participates in a sex-offender treatment program if he's allowed to do that, *I would probably, maybe, grant a shock probation, but that's going to be 60 to 90 days, at least, down the road.*

[Emphasis added.]

The trial court then asked the prosecutor to prepare judgments and said that there would be no fines, adding, "I mean, *if* he ends up on probation, he's going to have enough to pay for." [Emphasis added.]

Upon receipt of the judgments, the trial court repeated its pronouncement:

The Court having found you guilty as to Count 1, I'll sentence you to five years in the TDCJ, Institutional Division . . . . That sentence is to run concurrent with the sentences in Counts 3 and 4.

As to Count 2, I'll sentence you to five years in the TDCJ, Institutional Division . . . . And that sentence is to run consecutive to Count 1.

As to Count 3, I find you guilty of the offense, sentence you to five years in the TDCJ, Institutional Division . . . . That sentence is to run concurrent with Count 1.

Count 4, I'll find you guilty of the offense and sentence you to five years in the TDCJ, Institutional Division . . . . That sentence is to run concurrent with Count 1.

As to Count 5, I'll find you guilty of the offense and sentence you to two years in the TDCJ, State Division. That sentence is to run concurrent with Count 2 . . . .

And, finally, as to Count 6, I'll find you guilty of that offense and sentence you to two years in the TDCJ, State Jail Division. That sentence to run concurrent with Count 5 -- I mean, consecutive with Count 5.

Before the hearing adjourned and before remanding Tedford into custody, the trial court clarified the above to match its original sentencing, repeating, "5 runs consecutive to 2," and then reiterating, "6 is consecutive to 5."

Thus, at the hearing's conclusion, Tedford's punishment, as orally pronounced and as reflected in his judgments of conviction, was:

- Concurrent five-year sentences for counts 1, 3, and 4;

- Count 2's five-year sentence to run consecutively to count 1's sentence;

- Count 5's two-year sentence to run consecutively to count 2's sentence; and

- Count 6's two-year sentence to run consecutively to count 5's sentence.

*See* Tex. Code Crim. Proc. Ann. art. 42.02 ("The sentence is that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law.").

## C. Tedford's appeal and shock-probation motion

Tedford appealed without filing a motion for new trial to complain about the sentences set forth in the judgments, which accurately reflected the trial court's initial and final oral pronouncements on the record. *See* Tex. R. App. P. 26.2; *see also* Tex. R. App. P. 25.2(g) (stating that after the record has been filed in the appellate court, "all further proceedings in the trial court—except as provided otherwise by law or by

6

these rules—will be suspended until the trial court receives the appellate-court mandate"). A month after the appellate record was filed, Tedford moved for shock probation on all six counts. *See* Tex. Code Crim. Proc. Ann. art. 42A.202(a); *State v. Brent*, 634 S.W.3d 911, 917 (Tex. Crim. App. 2021) ("[J]urisdiction over shock probation is explicitly granted by statute."); *see also Delafuente v. State*, 570 S.W.3d 729, 729 (Tex. Crim. App. 2019) ("[T]he granting of shock probation—even if labeled a 'judgment'—does not undermine the validity of a timely filed notice of appeal from the original conviction.").

While Tedford's shock-probation motion was pending, he proceeded with his appeal, filing an appellant's brief in which he recited (but did not complain)[4] that "[c]ounts one[] and two are consecutive, along with count five consecutive with count two and count six consecutive with count five." The State's response brief echoed Tedford's sentencing recitation and understanding of the trial court's oral pronouncement and the judgments.

Fifteen days after this court informed the parties about setting the case for submission, the trial court heard Tedford's shock-probation motion. At the shock-probation hearing, the trial court readmitted the evidence from "roughly, six months ago," and Tedford's mother and his employer testified on his behalf. At the hearing's

---

[4]Tedford's single appellate issue raised ineffective assistance based on his counsel's failing to object when the trial court did not hear closing arguments during punishment.

conclusion, the trial court granted shock probation on each count and warned Tedford, "You violate probation and you're going back to jail for a long time."

**D. The State's motion to vacate**

The State filed a motion to vacate the trial court's shock-probation order "as to counts 2, 5, and 6" because those sentences would not begin until Tedford had completed shock probation for counts 1, 3, and 4.

At the hearing, Tedford conceded that the State was correct "that the imposition of shock probation can't be granted in cumulatively stacked sentences," but he argued that the judgments "don't reflect the Court's intent" because the trial court had referenced shock probation during its oral pronouncement. For the first time, Tedford argued, "[T]he defense's position is that this Court, essentially, [orally] reformed their own judgment to . . . provide [him] with the option to seek shock probation."[5]

---

[5]Tedford's counsel referred the trial court to *State v. Aguilera*, 165 S.W.3d 695 (Tex. Crim. App. 2005), and *Coffey v. State*, 979 S.W.2d 326 (Tex. Crim. App. 1998). In *Aguilera*, the trial court initially sentenced the defendant to 25 years' incarceration but, on the same day, after an in-chambers discussion with the attorneys, it reconsidered the sentence and, over the State's objection, reduced it to 15 years. 165 S.W.3d at 696. The Court of Criminal Appeals held that the trial court's action was within its authority because a trial court retains plenary power to modify its sentence if the modification (1) is made on the same day as the initial sentence's assessment; (2) is done before the court adjourns for the day and in the presence of the defendant, his attorney, and the prosecutor; and (3) is within the offense's statutory punishment range. *Id.* at 698. Further, a trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within 30 days of sentencing. *Id.* at 697–98. Tedford did not file either type of motion.

8

In denying the State's motion, the trial court stated,

[M]y intent in saying that I would consider shock probation was I believed all of these were subject to shock probation. I did not know the consequence of s[t]acking some sentences over others would prevent me from granting shock probation across the board. So to the extent that I announced that on the record, I agree with the defense that I reformed a judgment, and then in signing the judgment -- in signing the actual judgments, created a higher punishment which I had already basically lowered, so that would be a due process violation.

And so I'm going to order that -- I don't know how we do it. I don't know . . . what we need to do, but the judgments are reformed[.]

After noting that it could not enter a judgment nunc pro tunc because this would be a "substantive change," the trial court stated, "I am making a finding that the written judgments were improper because they reformed my previous pronouncement that I intended shock probation to apply to all of the charges." The trial court ordered shock probation to "run concurrently."

## E. The appeals

After the trial court granted Tedford's shock-probation motion, this court granted Tedford's motion to dismiss his appeal. *See Tedford v. State*, No. 02-23-00345-CR, 2024 WL 2854873, at *1 (Tex. App.—Fort Worth June 6, 2024, no pet.) (mem. op., not designated for publication); *see also* Tex. R. App. P. 42.2(a). The State filed the instant appeal.

---

In *Coffey*, the court stated the general rule that when there is a variation between a sentence's oral pronouncement and its written memorialization, the oral pronouncement controls. 979 S.W.2d at 328. *But see Ette v. State*, 559 S.W.3d 511, 515 (Tex. Crim. App. 2018) (stating jury-verdict exception).

9

## III. Discussion

The State argues that the trial court's shock-probation orders are void as to the consecutive sentences that Tedford has not yet started serving for counts 2, 5, and 6. We agree.

### A. The trial court did not reform its sentences by merely mentioning the shock-probation possibility.

Tedford argues that the trial court reformed his sentences by mentioning shock probation but then entered harsher sentences by making some of the sentences consecutive instead of concurrent. He asserts, "[T]his Court should reform the judgments to delete the consecutive sentencing as they were errors in the judgment" and by correcting the judgments to reflect concurrent sentencing and "thus correctly memorializing that [he] held the right to apply for and receive an order imposing shock probation."

The State contends that the trial court's mentioning shock probation made clear that any such grant would be uncertain and discretionary in the future and that "[n]othing within this anticipatory, conditional statement reflected any intent of the trial court to modify the consecutive and concurrent sentences that the court had imposed just seconds before," particularly as the trial court then repeated the same mix of consecutive and concurrent sentences in detail.

The order of recitations in the sentencing-hearing record, Tedford's failure to file a motion for new trial or in arrest of judgment to clarify or correct the sentences,

and the parties' appellate briefs filed before the dismissal of Tedford's appeal all show the same understanding: the trial court intended to impose the consecutive and concurrent sentences reflected in its judgments. At the hearing on the State's motion, the trial court confirmed that it had erred in its sentencing mix based on a misunderstanding, stating, "I did not know the consequence of s[t]acking some sentences over others would prevent me from granting shock probation across the board." That is, the stacking was intentional, and—as reflected in the sentencing record and the judgments—there was no express guarantee of shock probation for any of the offenses.

The time to correct the trial court's punishment misunderstanding was during its plenary power, which expired 30 days after signing the judgments. *State ex rel. Thomas v. Banner*, 724 S.W.2d 81, 83 (Tex. Crim. App. 1987) (stating that the trial court loses plenary power over a judgment 30 days after it signs the judgment); *see Aguilera*, 165 S.W.3d at 697–98 (stating that the trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within 30 days of sentencing); *see also Smith*, 559 S.W.3d at 533 ("A shock probation hearing is not a new trial on punishment."). We sustain this portion of the State's sole issue.

## B. The sentences of Counts 2, 5, and 6 are not yet shock-probation eligible.

The execution of a sentence begins upon a defendant's incarceration. *Robinson*, 498 S.W.3d at 919; *see* Tex. Code Crim. Proc. Ann. art. 42.09, § 1 (stating that a defendant shall be delivered to jail when the trial court pronounces his sentence,

which "begins to run on the day it is pronounced"). "After a trial court imposes a sentence of incarceration, and begins execution of the sentence (i.e., the defendant is *actually* incarcerated), the trial court may suspend further execution of the sentence and place the defendant on community supervision, or 'shock probation,' as it is commonly called." *Bailey v. State*, 160 S.W.3d 11, 14 n.2 (Tex. Crim. App. 2004) (emphasis added).

To suspend further imposition of a sentence for an other-than-state-jail felony and to place a defendant on shock probation, the trial court's jurisdiction continues for 180 days "from the date the execution of the sentence *actually* begins." *Robinson*, 498 S.W.3d at 919 (emphasis added); *see* Tex. Code Crim. Proc. Ann. art. 42A.202(a)–(b) (providing that jurisdiction of a court imposing a sentence requiring imprisonment "for an offense other than a state jail felony continues for 180 days from the date the execution of the sentence actually begins" and that before that 180-day period expires, the court may "suspend further execution of the sentence and place the defendant on community supervision"). For a state-jail felony, the trial court retains jurisdiction over the defendant for the period during which the defendant is confined in a state-jail-felony facility, and "[a]t any time after the 75th day after the date the defendant is received into the custody of a state[-]jail[-]felony facility, the judge . . . may suspend further execution of the sentence and place the defendant on community supervision." Tex. Code Crim. Proc. Ann. art. 42A.558(b).

12

Because the trial court's jurisdiction to grant shock probation for other-than-state-jail felonies continues for only 180 days from the date the execution of the sentence actually begins, any action taken by the trial court after the 180th day is void. *Robinson*, 498 S.W.3d at 919. And any action taken by the trial court *before* the sentence's execution actually begins is likewise void. *See Banner*, 724 S.W.2d at 84.

Although the trial court's judgments state that execution on each of Tedford's sentences began on December 7, 2023, the consecutive sentences would not begin to actually run for five years. *See id.* at 83 (explaining that when a defendant receives more than one sentence, "the time of execution will differ depending on whether the sentences are cumulative or concurrent"). That is, concurrent sentences—served at the same time—have the same execution date if pronounced on the same day, while execution of consecutive sentences "will not begin until the previous judgment and sentence ha[ve] 'ceased to operate.'" *Id.* at 84. A trial court has authority to grant shock probation in a consecutive sentence only after the preceding judgment *and* sentence have ceased to operate. *Id.* at 84–85.

On June 3, 2024, when the trial court granted shock probation on count 1 and, because of the sentences' concurrent nature, also on counts 3 and 4, these sentences ceased to operate, but their judgments did not because Tedford still had to successfully serve the probated term or serve out a term imposed pursuant to revocation of that probation. *See id.* The trial court will not have jurisdiction to

13

consider shock probation for count 2 until the shock probation on count 1—and counts 3 and 4—is completed or revoked. *See id.*

Further, counts 5 and 6 are state-jail felonies. Because Tedford has not yet been received into state-jail felony custody, and because he will not be until the judgments are completed in counts 1–4, the trial court lacked jurisdiction to order shock probation for counts 5 and 6. *See* Tex. Code Crim. Proc. Ann. art. 42A.558(b). We sustain the remainder of the State's sole point.

## IV. Conclusion

Having sustained the State's sole point, we vacate the trial court's orders granting shock probation on counts 2, 5, and 6.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 13, 2025

14